992 F.2d 1220
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tamika KENNEDY, Defendant-Appellant.
 No. 92-50224.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 2, 1993.
Decided April 30, 1993.
 
 Before WALLACE, Chief Judge, and SNEED and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Tamika Kennedy appeals her sentence for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). She contends the district court erroneously believed it did not have authority to depart below the statutory minimum without a motion for downward departure by the government. She further contends that the government breached the plea agreement. We affirm.
 
 I.
 FACTS AND PRIOR PROCEEDINGS
 
 3
 Kennedy was indicted by a federal grand jury on February 1, 1991, for possession with intent to distribute 383.3 grams of cocaine base, in violation of 21 U.S.C. § 841. She pleaded not guilty to the charge on February 11, 1991. Trial was set for March 26, 1991. On March 12, 1991, the district court ordered, on its own motion, that the trial be continued until April 9, 1991.
 
 
 4
 On April 8, 1991, Kennedy changed her plea to guilty. Until that time, the government had not entered into any plea negotiations with Kennedy. The plea agreement which Kennedy reached with the government at the change of plea hearing provided that the government would recommend a downward departure from the sentence mandated by the Sentencing Guidelines pursuant to U.S.S.G. § 5K1.1, if, in its discretion, it determined that Kennedy's cooperation was "candid, truthful and complete."
 
 
 5
 On May 14, 1991, the Probation Office disclosed its Presentence Report regarding Kennedy. The Report found the applicable sentencing range for Kennedy to be between 121 and 151 months, based on a total offense level of 32 and a criminal history category of I. The government declined to move for a downward departure on the ground that Kennedy's alleged cooperation did not constitute "substantial assistance" under section 5K1.1.
 
 
 6
 Kennedy contested the Presentence Report on the ground that the government had breached its plea agreement with her by not moving for downward departure pursuant to U.S.S.G. § 5K1.1 for her cooperation in the investigation of the crime which led to her arrest. The government countered that it had properly declined to move for a downward departure because it determined in its discretion that the defendant's alleged cooperation did not further the government's investigation in any way. The government emphasized that Kennedy's credibility was at issue because she told contradictory stories, one to a probation officer on May 1, 1991, and another to the government on May 7, 1991.
 
 
 7
 On March 30, 1991, at the sentencing hearing, the court stated it had seen no evidence to suggest that the government had improperly induced Kennedy to enter a guilty plea. The court further noted that downward departure motions for substantial assistance must be based on assistance which produces results and Kennedy had not produced anything of value to the government. The court sentenced Kennedy to 120 months in prison, followed by 5 years supervised release.[1] Kennedy timely appeals.
 
 II.
 JURISDICTION AND STANDARDS OF REVIEW
 
 8
 The district court had jurisdiction pursuant to 18 U.S.C. § 3231. This court has jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's determination that departure was not legally permissible. United States v. Vilchez, 967 F.2d 1351, 1353 (9th Cir.1992). We review the district court's finding that the government did not breach the plea agreement for clear error. United States v. Keller, 902 F.2d 1391, 1393 (9th Cir.1990).
 
 III.
 DISCUSSION
 
 9
 A. Discretion To Depart Downward Under U.S.S.G. § 5K1.1
 
 
 10
 Pursuant to United States Sentencing Guideline section 5K1.1, a district court may depart downward from the sentence mandated by the Guidelines upon a government motion stating that the defendant has provided substantial assistance to the government in the investigation or prosecution of another person who has committed an offense. U.S.S.G. § 5K1.1.[2] In the absence of a motion for departure by the Government, a district court presumptively lacks the discretion to depart downward from the Guidelines. See 18 U.S.C. § 3553(e)[3]; Vilchez, 967 F.2d at 1355. A district court may depart from the range mandated by the Guidelines on its own motion only if the government's failure to make a motion for downward departure is unconstitutionally motivated. Wade v. United States, 112 S.Ct. 1840, 1843-44 (1992); Vilchez, 967 F.2d at 1355.
 
 
 11
 Here, Kennedy does not allege that the government's failure to move for downward departure based on substantial assistance was unconstitutionally motivated. Nothing in the record indicates that the government had an improper motive. Thus, the district court did not err by finding that it had no discretion to depart downward from the minimum sentence required by the Guidelines. See Wade, 112 S.Ct. at 1844.
 
 B. The Plea Agreement
 
 12
 Kennedy contends that the government had an obligation under the terms of the plea agreement to move the court for a downward departure based on her "candid, truthful and complete cooperation." She first maintains that the plea agreement did not require her to render the government "substantial assistance" as defined by section 5K1.1. Although her counsel explicitly referred to section 5K1.1 when describing the terms of the agreement to the court at the change of plea hearing, Kennedy asserts that "substantial assistance" was not part of the bargain because that term was not explicitly mentioned. Kennedy further argues that, if substantial assistance was understood to be a part of the plea agreement, her cooperation amounted to substantial assistance.
 
 
 13
 The government, on the other hand, maintains that it specifically retained the discretion to determine whether Kennedy's cooperation was "candid, truthful and complete," as well as whether it amounted to "substantial assistance" under the terms of the agreement. The district court concurred with the government's interpretation of the agreement.
 
 
 14
 Plea agreements are contractual in nature and we review them under contract law standards. Keller, 902 F.2d at 1393. To establish whether a plea agreement has been violated, the court must determine what the parties "reasonably understood to be the terms of the agreement." Id. (quoting United States v. Read, 778 F.2d 1437, 1441 (9th Cir.1985), cert. denied, 479 U.S. 835 (1986)).
 
 
 15
 Here, in the course of explaining the plea agreement to the court at the change of plea hearing, defense counsel stated that the government had agreed to move the court for a downward departure in Kennedy's sentence pursuant to United States Sentencing Guideline § 5K1.1 if, "in the exercise of its own discretion," it found her cooperation to have been "candid, truthful and complete." Counsel for the government added: "So that the record is clear, I have made no representation as to what my recommendation will be. I have not had the chance to talk to Ms. Kennedy."
 
 
 16
 The plea agreement clearly conditioned the government's obligation to move for a departure on its satisfaction with her cooperation. See United States v. Rexach, 896 F.2d 710, 714 (2d Cir.) (express language of plea agreement and incorporation of section 5K1.1 by reference make clear that evaluation of the defendant's cooperation was to be at the prosecution's discretion), cert. denied, 111 S.Ct. 433 (1990). Thus, the district court did not err by finding that the government retained the discretion to determine that Kennedy's cooperation did not merit a downward departure from the mandatory minimum sentence under the Guidelines. Consequently, the district court did not err by determining that the government did not breach the plea agreement.
 
 
 17
 AFFIRMED.
 
 WALLACE, Chief Judge, dissenting:
 
 18
 I believe there is a key question that neither the district court nor the majority addresses adequately: did the government find, in its discretion, that Kennedy's cooperation was not "candid, truthful and complete"? The government failed to assert in the district court that Kennedy's cooperation was not candid, truthful or complete, and the district court did not rule on this question. I therefore dissent from the majority's disposition, as I believe the proper course would be to remand this case to the district court to allow the government to state if and why Kennedy's cooperation was not candid, truthful, and complete.
 
 
 19
 The terms of the oral plea agreement were as follows:
 
 
 20
 [Kennedy] has agreed to cooperate very candidly with the government in its investigation with respect to this matter.... In exchange for her cooperation, the government, if in the exercise of its own discretion views the cooperation to have been candid, truthful and complete, agrees to move pursuant to Section 5K1.1 of the Sentencing Guidelines for a downward departure.
 
 
 21
 As the majority recognizes, the government "declined to move for a downward departure on the ground that Kennedy's alleged cooperation did not constitute 'substantial assistance' under section 5K1.1." Disp. at 2.
 
 
 22
 In my view, this is an improper ground to justify the government's failure to move for a downward departure, because the plea agreement did not require Kennedy to provide "substantial assistance" to the government. The government argues that the reference to section 5K1.1 in the agreement incorporated a substantial assistance requirement. It is unclear whether the majority accepts and relies upon this argument. The disposition merely states that "[t]he plea agreement clearly conditioned the government's obligation to move for a departure on its satisfaction with her cooperation." Id. at 6 (emphasis added). Satisfaction as to what?
 
 
 23
 I conclude that this plea agreement did not contain a substantial assistance requirement. The mere reference to the section in the Guidelines under which the government may move for a downward departure does not, in my view, automatically incorporate a requirement into the plea agreement that the defendant's assistance must be substantial. United States v. Rexach, 896 F.2d 710 (2d Cir.), cert. denied, 111 S.Ct. 433 (1990), is not to the contrary, as the plea agreement in that case specifically required Rexach to make "a good faith effort to provide substantial assistance." Id. at 712. As the majority indicates, plea agreements are contractual in nature, and our duty is to interpret the terms of the contract. See United States v. Read, 778 F.2d 1437, 1441 (9th Cir.1985) ("government will be held to the literal terms of the agreement"), cert. denied, 479 U.S. 835 (1986). Under those terms, Kennedy's cooperation only had to be "candid, truthful and complete."
 
 
 24
 As to the terms actually contained in the plea agreement, I fully agree that the government retained discretion to determine whether Kennedy's cooperation was "candid, truthful and complete." I simply question whether the government ever made this determination. At the district court level, the government focused exclusively on Kennedy's failure to provide substantial assistance. The government's only suggestion that Kennedy was less than candid or truthful was just that: a suggestion. The government said to the district judge--without any explanation whatsoever--that Kennedy's narrative of events was "sketchy and conclusory," and that the "leads" she provided proved fruitless.
 
 
 25
 On appeal, the government again focuses primarily on the issue of substantial assistance. Although the government says that Kennedy was not candid, truthful, and complete in her cooperation, its argument is cursory and without support. The government points only to inconsistencies between the story Kennedy related to officers before the plea agreement and the story she related after the agreement. Although such discrepancies may cast some doubt on Kennedy's veracity, I fail to see how they alone render her assistance untruthful. Indeed, I would think one reason to promise a downward departure in exchange for cooperation is to encourage a defendant to disavow earlier, untruthfully exculpatory descriptions of events and to provide an honest account of facts within her knowledge.
 
 
 26
 Considering the lack of attention devoted to this issue by the government and the district court, I believe the case should be remanded to allow the government to state clearly why it found Kennedy's assistance not "candid, truthful and complete."
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 After imposing its sentence, the district court judge noted that he believed Kennedy to be "someone who, based upon the evidence in the case, doesn't deserve the sentence the statute imposes as a mandatory minimum." The court added: "if the Court of Appeals thinks that there is an area of discretion, I will be delighted to have them send it back here and resentence her."
 
 
 [2]
 Specifically, section 5K1.1 provides:
 Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.
 
 
 [3]
 Section 3553(e) states:
 Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as the minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.