**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Domingo REXACH,**
**Defendant–Appellant.**

No. 310, Docket 89–1286.

United States Court of Appeals,
Second Circuit.

Argued Nov. 3, 1989.

Decided Feb. 20, 1990.

Carol L. Sipperly, Asst. U.S. Atty., S.D. N.Y. (Benito Romano, U.S. Atty., S.D.N.Y., Vincent Briccetti, Asst. U.S. Atty., of counsel), for plaintiff-appellee.

Robert E. Precht, New York City (The Legal Aid Society, Federal Defender Services Unit, of counsel), for defendant-appellant.

Before VAN GRAAFEILAND, PIERCE and PRATT, Circuit Judges.

GEORGE C. PRATT, Circuit Judge:

On this appeal we consider whether the district court erred in denying defendant's motion for specific performance of his cooperation agreement with the government. The agreement provided that if defendant Domingo Rexach "made a good faith effort to provide substantial assistance" to the government, then the government would move at sentencing for a downward departure. 18 U.S.C. § 3553(e); United States Sentencing Commission, *Guidelines Manual* § 5K1.1 (1989) [hereinafter *Guidelines*]. The government, however, determined that Rexach had not provided substantial assistance and refused to make the motion. District Court Judge Kimba M. Wood held that the government had not breached its agreement and denied Rexach's motion for specific performance. *United States v. Rexach,* 713 F.Supp. 126, 128 (S.D.N.Y.1989).

We hold that where a cooperation agreement provides that the prosecutor will move for a downward departure under the sentencing guidelines in return for the defendant's good faith effort to provide substantial assistance, evaluation of defendant's effort lies in the discretion of the prosecutor and may be reviewed only on a showing of prosecutorial misconduct or bad faith. The district court's judgment that Rexach is not entitled to specific performance is affirmed.

## BACKGROUND

Rexach was indicted on August 8, 1988, for distributing three vials of cocaine within 1000 feet of a public elementary school in the Bronx and for possessing with intent to distribute cocaine. 21 U.S.C. §§ 812; 841; 845.

On September 1, 1988, Rexach and his counsel met with an assistant United States attorney at a proffer session preliminary to a possible cooperation agreement. No agreement was reached, but at that meeting Rexach identified a purported narcotics dealer and named two locations of sources for cocaine. Later and as a result of this information, three individuals were arrested at the named locations.

For over a month after the agreement, Rexach offered no more information; indeed he did not even contact the prosecutor. Approximately one week before the trial date, Rexach claimed he could offer information about large-quantity narcotics dealers and distributors. Based on these representations, the government entered

into the cooperation agreement with Rexach on October 7, 1988.

Under the agreement Rexach was to disclose information, cooperate fully, attend meetings, and testify regarding any matters or persons the government requested. The parties agreed that

*if it is determined by this Office* that Domingo Rexach has made a good faith effort to provide substantial assistance in the investigation or prosecution of another person who has committed an offense, this Office will file a motion * * * pursuant to Title 18, United States Code, Section 3553(e) so that the sentencing judge shall have the authority to impose a sentence below a level established by statute as a minimum sentence, and * * * pursuant to Section 5K1.1 of the Sentencing Guidelines.

*Rexach*, 713 F.Supp. at 127 (emphasis added). The same day, pursuant to the agreement, Rexach pled guilty to distributing cocaine, and the government dropped the possession charge. He was released pending sentencing.

Shortly before the sentencing, the government informed Rexach that it would not move for a downward departure because it did not find he had made a good faith effort to provide substantial assistance. Rexach's information about large quantities of narcotics had been unreliable and worthless, he offered no assistance in investigating the information, no successful investigations proceeded based on that information, he provided no assistance in the prosecution of any other persons involved in large scale narcotic operations, and he failed to stay in contact with the authorities, having dropped out of sight for significant periods of time. In short, according to the government, Rexach had not complied with the agreement and had offered only minimal assistance.

Rexach then moved for an order directing specific performance of the agreement, claiming the government was in breach. Alternatively, he asked for a finding that 18 U.S.C. § 3553(e) and sentencing guideline § 5K1.1 violated due process and the separation of powers doctrine because they conditioned a downward departure motion on a prosecutor's discretionary determination of substantial cooperation.

The district court denied the motion, rejecting both grounds. Judge Wood refused to order specific performance, holding that the cooperation agreement placed the determination of whether Rexach had provided "substantial assistance" with the prosecutor and, since the prosecutor had made a good faith determination that Rexach had not provided substantial assistance, the government was not in breach. *Rexach*, 713 F.Supp. at 128. Judge Wood also refused to find the downward departure provision of the guidelines unconstitutional, citing *United States v. Vizcaino*, 870 F.2d 52 (2d Cir.1989) (sentencing guidelines generally do not violate due process) and *United States v. Musser*, 856 F.2d 1484 (11th Cir.1988) (18 U.S.C. § 3553(e) does not violate due process or separation of powers). *Rexach*, 713 F.Supp. at 129.

The applicable sentencing range was twelve to sixteen months. Judge Wood sentenced Rexach to fourteen months' imprisonment, followed by a six year period of supervised release and a special assessment of $50.00. We have no way of knowing whether she would have imposed a lesser sentence had the government moved for a downward departure.

Rexach now appeals, complaining only about the government's refusal to move for a downward departure.

## DISCUSSION

Two weeks after Judge Wood's decision, this court in *United States v. Huerta*, 878 F.2d 89 (2d Cir.1989), upheld the relevant provisions of the statute against due process and separation of powers claims, thereby mooting, for this panel, Rexach's constitutional arguments. While *Huerta* also discussed the § 5K1.1 provision for downward departures from a guideline range, it explicitly upheld only the similarly worded § 3553(e), which permits a judge, but only upon the government's motion, to "impose a sentence below a level established by statute as [a] minimum sentence". If the constitution is not offended

by such a limitation on a judge's power to consider a downward departure when applied to a congressionally imposed statutory minimum, then *a fortiori,* a similar provision limiting judicial power in respect to a mere guideline range is also constitutional.

Thus in *Huerta,* we upheld as constitutional the express grant of broad discretion to prosecutors in making motions for downward departures under the statute itself, 18 U.S.C. § 3553(e). 878 F.2d at 92. Some language in our opinion might be read as implying that the prosecutor's discretion is completely unlimited and unreviewable. *Id.* at 94. However, at that time, we were not asked to, nor did we, consider whether prosecutorial discretion might be limited or reviewable when exercised in the context of an agreement for cooperation. Specifically, *Huerta* did not address either whether cooperation agreements may limit the prosecutor's discretion, or whether or under what standard a prosecutor's refusal to make a downward departure motion pursuant to such an agreement might be reviewable. We take up those issues now.

Rexach argues that the government breached its duty of good faith in refusing to move for a downward departure. He claims that the government's refusal to be satisfied with his performance was objectively unreasonable, and that the district court erred when it employed a subjective good faith standard in reviewing the prosecutor's determination that Rexach did not provide "substantial assistance".

█ Cooperation agreements, like plea bargains, are interpreted according to principles of contract law. *United States v. Carbone,* 739 F.2d 45, 46 (2d Cir.1984); *see United States v. Alexander,* 869 F.2d 91, 95 (2d Cir.1989); *see also Santobello v. New York,* 404 U.S. 257, 262–63, 92 S.Ct. 495, 498–99, 30 L.Ed.2d 427 (1971) (specific performance is an appropriate remedy for breach of plea agreement). Whether the district court applied correct principles is a matter of law that we may review *de novo. Pullman–Standard v. Swint,* 456 U.S. 273, 287, 102 S.Ct. 1781, 1789, 72 L.Ed.2d 66 (1982).

█ In a contract, where the agreement is conditioned on satisfaction of the obligor, the condition is not met "if the obligor is honestly, even though unreasonably, dissatisfied." *Restatement (Second) of Contracts* § 228, Comment a. Thus, where the explicit terms of a cooperation agreement leave the acceptance of the defendant's performance to the judgment of the prosecutor, the prosecutor may reject the defendant's performance provided he or she is honestly dissatisfied.

This subjective standard draws some support from the language of the statute, 18 U.S.C. § 3553(e), and of the policy statement, *Guidelines* § 5K1.1, both of which provide for downward departure motions based on a defendant's providing substantial assistance; but such departures may be made only "[u]pon motion of the Government". 18 U.S.C. § 3553(e); *Guidelines* § 5K1.1. The decision to make the motion is thus expressly lodged in the prosecutor's discretion. *See Huerta,* 878 F.2d at 92. The question of "substantial assistance" is "self-evidently a question that the prosecution is uniquely fit to resolve." *Id.* at 94. "Substantial weight should be given to the government's evaluation of the extent of the defendant's assistance." *Guidelines* at § 5K1.1, Commentary, Application Notes 3. For these reasons, the decision to make or withhold a motion for downward departure must be given the same high level of deference as other prosecutorial decisions, *Huerta,* 878 F.2d at 92, such as whether to press charges and which charges to press. *Cf. Bordenkircher v. Hayes,* 434 U.S. 357, 364, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978); *United States v. Nixon,* 418 U.S. 683, 693, 94 S.Ct. 3090, 3100, 41 L.Ed.2d 1039 (1974).

Generally speaking, in the absence of a specific agreement, the decision by the prosecutor to forego a downward departure motion in a particular case is not subject to judicial review at all. *See Huerta,* 878 F.2d at 94. Where there is a cooperation agreement and where, as here, it provides for a downward departure motion pursuant to the guidelines and incorporates the "substantial assistance" language of

the statute, then the prosecutor's discretion determines whether the defendant's conduct has risen to the level of "substantial assistance" and thus, whether to make the motion.

Nevertheless, the prosecutor's discretion is not completely unlimited. There is, as Rexach argues, an implied obligation of good faith and fair dealing in every contract. *Filner v. Shapiro*, 633 F.2d 139, 143 (2d Cir.1980); *Restatement (Second) of Contracts* § 205. A prosecutor's determination of dissatisfaction, just as with other areas of prosecutorial discretion, cannot be made invidiously or in bad faith. For example, the decision could not be based "upon such impermissible considerations as race, religion or the desire to prevent [the defendant's] exercise of constitutional rights." *United States v. Berrios*, 501 F.2d 1207, 1211 (2d Cir.1974) (intentional and purposeful discrimination leading to selective prosecution); *Blackledge v. Perry*, 417 U.S. 21, 28, 94 S.Ct. 2098, 2102–03, 40 L.Ed.2d 628 (1974) (prosecutor's retaliation by substituting more serious charge at new trial after defendant's successful appeal); *North Carolina v. Pearce*, 395 U.S. 711, 725–26, 89 S.Ct. 2072, 2080–81, 23 L.Ed.2d 656 (1969) (vindictiveness for judge to increase sentence for no stated reasons at second trial following successful appeal). Nor does the scope of the government's discretion permit it to ignore or renege on contractual commitments to defendants. *See Santobello*, 404 U.S. at 262, 92 S.Ct. at 498–99 (1971); *Innes v. Dalsheim*, 864 F.2d 974, 978 (2d Cir.1988).

While the effect of the particular agreement at issue here was to create broad prosecutorial discretion, limited only by the subjective good faith standard, a defendant might negotiate an agreement which, by its terms, would define a different standard for evaluating "substantial assistance". Should such a cooperation agreement specify, for example, that the standard to be applied is one of objective or reasonable satisfaction, then we would, of course, employ a more stringent standard of review.

Even with the broad discretionary power applicable here, however, we see no signifi-cant danger arising from prosecutors' possibly misusing cooperation agreements and shirking their promises to make downward departure motions. "[T]here are significant institutional incentives" for the prosecutor to act in good faith and to exercise sound judgment regarding such motions, *Huerta*, 878 F.2d at 93, because the government has a keen interest in encouraging cooperation through such agreements. Certainly if it fails to exercise its discretion fairly and even-handedly, valuable information and assistance will be lost, because defendants may come to regard its prosecutors as untrustworthy and simply refuse to cooperate with them.

Rexach's agreement with the government explicitly stated that whether he made a "good faith effort to provide substantial assistance" was to be "determined by this Office." The phrase unambiguously establishes that evaluation of Rexach's performance was in the sole discretion of the prosecutor's office. In addition, the agreement contemplates that any downward departure motion must be made "pursuant to" 18 U.S.C. § 3553(e) and *Guidelines* § 5K1.1. Thus, both the express language of the agreement and its incorporation of the statute make clear that evaluation of Rexach's performance was, as found by the district court, to lie in the discretion of the prosecutor.

In sum, we agree with the district court that where, as here, a cooperation agreement provides for a motion for downward departure on condition the defendant provide substantial assistance to be determined in the discretion of the prosecutor, then "the Court's role is limited to deciding whether the prosecutor has made its determination in good faith. If [so], the prosecutor has not breached the agreement and the Court's role is at an end." *Rexach*, 713 F.Supp. at 128.

Finally, the district court correctly supported the government's rejection of Rexach's ostensible cooperation, for the government had good reasons for finding that Rexach had not made a good faith attempt to provide substantial assistance. Although Rexach arguably made some ef-

fort to offer information prior to entering into the agreement, once he signed it, he made no effort to assist in verifying his later, apparently unreliable information, to keep in contact with the prosecutor, or even to notify the prosecutor of his whereabouts. In these circumstances, evaluation of defendant's "good faith effort" is a judgment call, and in the absence of any showing of prosecutorial misconduct or bad faith, we will not second guess the prosecutor.

Affirmed.

PIERCE, Circuit Judge, dissents in a separate opinion.

PIERCE, Circuit Judge, dissenting:

I agree with the majority that, "[g]enerally speaking, in the absence of a specific agreement, the decision by the prosecutor to forego a downward departure motion in a particular case is not subject to judicial review." I also generally agree that where a cooperation agreement "provides for a downward departure motion pursuant to the guidelines and incorporates the 'substantial assistance' language of the statute, then the prosecutor's discretion determines whether the defendant's conduct has risen to the level of 'substantial assistance.'" My dissent is thus not based upon any disagreement with the majority's interpretation of 18 U.S.C. § 3553(e); rather, I believe the majority has erred in its application of the contract principles that apply in this case.

Here, the government expressly agreed to file a motion for a downward departure "if it is determined by this Office that Domingo Rexach has made a good faith effort to provide substantial assistance in the investigation or prosecution of another person who has committed an offense." The majority correctly notes that three drug-related arrests were made as a result of information provided by Rexach. This information was given by Rexach at a proffer session before the formal plea agreement was signed; whether or not it was contemplated by the parties that it was to be included within the "substantial assistance" calculation is unclear from the face

of the agreement or the district court's ruling, and is a question of fact I would leave to be decided upon remand. However, assuming such information was intended by the parties to be included, applying an objective standard, I would hold that Rexach's assistance constitutes "substantial assistance" within the meaning of the subject plea agreement.

It is true that the government's promise to file a § 3553(e) motion was expressly made dependent upon the government's judgment that Rexach fulfilled his part of the bargain. However, even under such circumstances, "if the contractor's performance is one that can be judged by objective standards ... the courts have very generally interpreted the promise of the contractor as one to perform to the satisfaction of a reasonable man...." 1 A. Corbin, *Corbin on Contracts* § 150, at 670 (1963). In this instance, the "objective standard" required to be met to trigger the government's obligation is supplied by the agreement itself, *i.e.*, so much assistance as to substantially assist the government *"in the investigation or prosecution of another person."* By incorporating such specific language into the agreement, the government, in large part, defined away the potentially broad discretion it might otherwise have possessed.

In sum, the government here did more than merely promise to file a motion pursuant to 18 U.S.C. § 3553(e) if Rexach cooperated to the government's satisfaction; here, it generally agreed in advance as to how much and what kind of assistance would satisfy it. Since it apparently is undisputed that the information provided by Rexach led to three arrests, I do not see how the government can assert in good faith that Rexach did not substantially assist "in the investigation or prosecution of another person." Therefore, I believe the district court's judgment that Rexach is not entitled to specific performance should be vacated, and we should remand for a determination as to whether information supplied prior to the signing of the cooperation agreement was intended by the parties to be included within the "substantial assist-

ance" calculus. If it were determined upon remand that such was contemplated, I would instruct the district court to grant Rexach's motion for specific performance.

I respectfully dissent.