**UNITED STATES of America, Plaintiff,**

v.

**Mia AYERS, Defendant.**

**No. 92–CR–159–06C.**

United States District Court,
W.D. New York.

June 3, 1993.

See also, 144 F.R.D. 631.

CURTIN, District Judge.

The court has had an opportunity to review the report of Honorable Carol E. Heckman, United States Magistrate Judge, on the defendant's motion to dismiss the indictment. The defendant has filed objections to the report, and the court considered oral argument on May 12, 1993.

Defendant moves to dismiss the indictment because she urges that the government has reneged on an agreement not to prosecute her. The Magistrate Judge reviewed the affidavits filed by the government and the defendant and has rejected her argument.

Represented by counsel, defendant Ayers met with the government prosecutor and F.B.I. agents. She was told that she would be expected to plead guilty to some criminal offense even if she cooperated with the government.

At the meeting with the government representatives, she and her attorney were told that she was a target of the grand jury investigation. She was given the opportunity to provide information in exchange for a promise that this information would not be used against her in any criminal proceeding. She agreed to provide information under these circumstances. She was indicted for a violation of conspiracy.

At the proceeding before the Magistrate Judge, Judge Heckman reviewed the grand jury testimony and found that the government did not use any of the information obtained from her during the meeting but had independent basis for the indictment. I have reviewed the objections and considered argument of her attorney and find no reason to upset the report of the Magistrate Judge. The report is affirmed, and the motion of the defendant to dismiss is denied.

So ordered.

## REPORT AND RECOMMENDATION

HECKMAN, United States Magistrate Judge.

Defendant Mia Ayers has moved to dismiss the indictment against her on the ground that the Government has breached its agreement, entered prior to the indictment, not to use information which she provided to the Government against her in any criminal proceeding. For the reasons set forth below, it is recommended that Defendant's motion be denied.

### BACKGROUND

As set forth in the affidavit of Assistant United States Attorney William J. Hochul (attached to Item 80), on June 3, 1992, Defendant responded to a federal grand jury subpoena by appearing with her attorney, Franklin Pratcher, Esq., at Mr. Hochul's office on the fifth floor of the United States Courthouse in Buffalo. There, she met with AUSA Hochul and FBI Special Agents Andrew J. Goralski and Henrique R. Sumyk. In the presence of her attorney, Mr. Hochul

advised Defendant that she was a "target" of the grand jury investigation, and offered her the opportunity to provide information to the Government in exchange for a promise that such information would not be used against her in any criminal proceeding. Mr. Hochul also told Ms. Ayers that such information could be used against her derivatively—that is, investigated by the FBI as a "lead" in the case. Mr. Hochul asserts that he further informed Ms. Ayers that even if she spoke to the Government she would still be required to plead to some federal criminal charge.

After consultation with her attorney, Defendant agreed to provide information to the Government under the terms discussed. Further conversations immediately took place between Defendant, Mr. Hochul and the FBI Agents, in the presence of Defendant's attorney. At the conclusion of those conversations, Defendant agreed to return at a later time for complete debriefing.

Following this initial meeting, Attorney Pratcher informed AUSA Hochul that Assistant Federal Public Defender Michael Battle had been enlisted for Ms. Ayers' joint defense representation due to Mr. Battle's extensive experience in federal criminal litigation. Mr. Hochul thereafter discussed with Mr. Battle the terms of the agreement reached with Defendant, and memorialized his understanding of the agreement in a letter to Defendant, in care of Mr. Battle, dated June 11, 1992 (Item 80, Exh. A). In that letter, Mr. Hochul stated:

> In consideration for your providing to Agents truthful information about all criminal matters of which you may have knowledge, the Government agrees that the information you provide will not be used against you in any criminal proceeding. If you should provide false or misleading information, the Government reserves the right to utilize the information provided for any purpose. It is further understood that the Government may make derivative use of the information.

On June 18, 1992, Defendant returned for debriefing at Mr. Hochul's office, again accompanied by Mr. Pratcher. Mr. Hochul informed Defendant and her attorney that Mr. Battle was at his temporary office in the United States Courthouse, and was available for consultation during the debriefing process. Mr. Hochul also again informed Defendant that she would be expected to plead guilty to a federal criminal offense even if she cooperated with the Government. Defendant was then debriefed by Mr. Hochul and Agents Goralski and Sumyk.

On July 8, 1992, the grand jury handed up the indictment in this case, naming Ms. Ayers as one of the 26 defendants. Ms. Ayers is specifically named only in Count III, which alleges conspiracy by all 26 codefendants to violate 21 U.S.C. §§ 841(a)(1) and 846.

On July 31, 1992, the Court granted Mr. Battle's request to withdraw as Defendant's attorney, and assigned Kevin W. Spitler, Esq. as Defendant's attorney pursuant to the Criminal Justice Act.

Defendant now moves to dismiss the indictment, claiming that the Government breached its agreement not to use the information she provided against her in any criminal proceeding. Defendant argues, through counsel, that she understood the agreement to require the Government to exonerate her from prosecution in return for her statements pertaining to the investigation, and that the decision to name her in the indictment amounts to a bad faith breach of that agreement requiring dismissal of the indictment against her.

The Court notes that this motion was originally filed on October 21, 1992, but was held in abeyance pending the outcome of plea negotiations with the Government. Those negotiations have not resulted in a plea agreement. The parties appeared before the Court on January 20, 1993 for oral argument, at which time Mr. Spitler submitted the affidavit of Mr. Battle in further support of Defendant's motion to dismiss.

## DISCUSSION

■ An agreement on the part of a defendant to cooperate with the Government, like a plea bargain, is interpreted according to principles of contract law. *United States v. Rexach*, 896 F.2d 710, 713 (2d Cir.1990). Thus, in deciding whether such an agreement has been breached, a court must look to what

the parties to the agreement reasonably understood to be its terms. *United States v. Lovaglia,* 954 F.2d 811, 817 (2d Cir.1992); *United States v. Alexander,* 869 F.2d 91, 95 (2d Cir.1989).

 The agreement between the parties here, as memorialized in the June 11, 1992 letter, expressly states that the information Defendant provided to the Government would not be used against her "in any criminal proceeding." Defendant, through counsel, asserts that her understanding of this agreement was that she would not be named in the indictment. However, the Government maintains, and Defendant does not dispute, that Defendant was advised during both the June 3, 1992 and the June 18, 1992 meetings, in the presence of her counsel, that she would be required to plea to a criminal offense even if she agreed to provide information pertaining to the investigation. The record further indicates that Mr. Battle was explicitly informed about this plea requirement. Under these circumstances, Defendant should reasonably have understood, or should have been told by her attorneys, that her agreement to cooperate with the Government was not a guarantee that the grand jury would not indict her.

The express language of the agreement, as encompassed by the June 11 letter, does not suggest otherwise. While the letter does not explicitly state that Defendant faced the possibility of indictment regardless of whether she cooperated, neither does it state that her cooperation would result in her full exoneration, as she now urges.

Furthermore, the Battle affidavit indicates that it was his understanding at the time the agreement was entered that the Government "did not wish to pursue" the indictment or prosecution of Defendant, based on her "minimal" involvement. The affidavit also indicates that Mr. Battle believed that Defendant was named in the indictment as a means of protecting her from reprisal for cooperating with the investigation. These subjective beliefs on the part of Mr. Battle are not sufficient to require the court to reach a different conclusion as to what Defendant's reasonable understanding of the agreement was.

Finally, my review of the transcripts of the grand jury proceedings, submitted by the Government under seal, does not reveal any use of the information provided by Defendant directly against her which might have caused her to be named in the indictment. As represented by the Government, and as my review of the transcripts indicates, the only evidence used against Defendant during the grand jury presentment consisted of summaries of her telephone conversations with co-Defendant Donald Green, which occurred many months prior to the June, 1992 meetings described herein.

Accordingly, I find that the grand jury's indictment of Ms. Ayers does not constitute a breach by the Government of the cooperation agreement between the parties.

### CONCLUSION

For the reasons stated, it is recommended that the District Court deny Defendant's motion to dismiss the indictment against her.

DATED: Buffalo, New York

January 25, 1993