25 F.3d 1052
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
William Aubrey THOMPSON, Defendant-Appellant.
 No. 93-5646.
 United States Court of Appeals, Sixth Circuit.
 June 2, 1994.
 
 Before: GUY and SILER, Circuit Judges; and CHURCHILL, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendant William Aubrey Thompson appeals his sentence on convictions for operating an illegal gambling business and structuring a financial transaction to avoid reporting requirements. Thompson argues that the district court erred in enhancing his sentence under USSG Sec. 3B1.1, refusing to order the removal of certain statements from his presentence report, and failing to order the government to move for departure based on his plea agreement. We affirm.
 
 I.
 
 2
 On February 18, 1993, pursuant to a Fed.R.Crim.P. 11 plea agreement, Thompson pled guilty to charges of operating an illegal gambling business, in violation of 18 U.S.C. Sec. 1955, and structuring a financial transaction to avoid reporting requirements, in violation of 31 U.S.C. Sec. 5324(a)(3). As part of the plea agreement, the parties decided as follows:
 
 
 3
 Should the defendant render substantial assistance to the government in the investigation or prosecution of another person who has committed an offense, as set out in [USSG Sec.]5K1.1, the United States will file a motion pursuant to Section 5K1.1 requesting a downward departure from the guidelines. The determination of whether the defendant has rendered substantial assistance will be made solely by the government and is not subject to challenge or attack.
 
 
 4
 At sentencing the government declined to move for a departure under USSG Sec. 5K1.1, taking the position that Thompson failed to render substantial assistance. Moreover, the district court enhanced Thompson's base offense level of twelve by four levels for his role in the Sec. 1955 offense, under USSG Sec. 3B1.1, and reduced the base offense level by three levels for acceptance of responsibility, under USSG Sec. 3E1.1. Thus, it calculated an adjusted offense level of thirteen and a criminal history category of III, sentenced Thompson to nineteen months in prison, imposed a $4000.00 fine, and ordered Thompson placed on supervised release for two years following incarceration.
 
 II.
 
 5
 Thompson first argues that the district court erred in enhancing his sentence under USSG Sec. 3B1.1, for being an organizer and leader of criminal activity involving five or more participants. He was already convicted under 18 U.S.C. Sec. 1955, which criminalizes the conducting, financing, managing, supervising, or owning of an illegal gambling business involving five or more persons. The same conduct may not be punished cumulatively under separate Guideline enhancement provisions. See United States v. Romano, 970 F.2d 164, 167 (6th Cir.1992). However, Thompson's argument fails because, though he was convicted under Sec. 1955, his sentence was enhanced only under one sentencing enhancement provision, Sec. 3B1.1.
 
 
 6
 Next, Thompson argues that the district court failed in its duty to ensure the correctness of the presentence report by removing allegedly "inaccurate and overly prejudicial" statements from it. When the accuracy of a presentence report is challenged, the district court must make "a finding as to the allegation, or ... determin[e] that no such finding is necessary because the matter controverted will not be taken into account in sentencing." Fed.R.Crim.P. 32(c)(3)(D). Here, the district court determined that no finding was necessary because the controverted matters would not be taken into account at sentencing. Thus, it complied with Rule 32(c)(3)(D). See United States v. Gerante, 891 F.2d 364, 366-67 (1st Cir.1989). Moreover, although Thompson argues otherwise, there was no error in the district court's failure to append a written record of its findings to the presentence report because no findings were made and because there is nothing beyond Thompson's speculation to indicate that he will suffer any prejudice due to the controverted matters contained in the presentence report.
 
 
 7
 Finally, Thompson argues that the district court erred by refusing to order the government to move for departure under USSG Sec. 5K1.1 based on the plea agreement. Thompson does not allege an unconstitutional prosecutorial motive. Thus, the question of whether the district court erred in refusing to order a Sec. 5K1.1 motion turns on whether, as a matter of law, the government breached an implied contractual obligation of good faith and fair dealing by declining to file a motion for departure. See United States v. Knights, 968 F.2d 1483, 1487 (2d Cir.1992); United States v. Rexach, 896 F.2d 710, 713-14 (2d Cir.), cert. denied, 498 U.S. 969 (1990). The plea agreement required the government to file a Sec. 5K1.1 motion if Thompson provided "substantial assistance ... in the investigation or prosecution of another person who has committed an offense," but gave it broad prosecutorial discretion in determining whether Thompson rendered substantial assistance. Thompson asserts that he rendered substantial assistance "by providing information concerning other offenses, [by] agreeing to meet with the perpetrators of those offenses ..., and [by] assist[ing] in the surrender of a codefendant." However, he concedes that the information he provided did not lead to a prosecution and does not show that the government's refusal to prosecute was in bad faith. Moreover, he fails to show that any assistance he rendered in the investigation of other persons was significant enough to warrant an inference that the government's refusal to move for a Sec. 5K1.1 departure was in bad faith. Therefore, the district court did not err by refusing to order the prosecution to file a motion under Sec. 5K1.1.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The Honorable James P. Churchill, Senior United States District Judge for the Eastern District of Michigan, sitting by designation