**UNITED STATES of America, Plaintiff,**

v.

**Francesco ALUZZO, also known as "Frank Aluzzo", Defendant.**

**No. 96 CR 530(SJ).**

United States District Court,
E.D. New York.

Sept. 30, 1996.

---

Zachary W. Carter, United States Attorney, Eastern District of New York by Judith S. Lieb, Assistant United States Attorney, Brooklyn, NY, for Plaintiff.

Leon R. Port, Port & Port, Brooklyn, NY, for Defendant.

## MEMORANDUM AND ORDER
JOHNSON, District Judge:

### INTRODUCTION

Pending before this court is defendant Francesco Aluzzo's motion to dismiss an indictment for two counts of felony tax evasion for 1990 and 1991. Some of Aluzzo's unreported taxable income came from payments by a man named Asaro for construction and repairs. Further IRS investigation of Aluzzo's records revealed that in addition to payments for work done by Aluzzo, Asaro was issuing checks from Asaro's company to Aluzzo, which Aluzzo never received. Asaro had forged Aluzzo's name and cashed these fraudulent checks.

Aluzzo agreed to cooperate with the government in the investigation of Asaro. On December 17, 1993, Aluzzo signed an agreement to waive indictment and plead guilty to misdemeanor tax evasion, and agreed to give information on Asaro's forgery and fraud. Aluzzo also agreed to give complete, truthful information and to not commit any further crimes. The government agreed to make a 5K motion at sentencing, describing his cooperation and allowing the court to impose a sentence below that mandated in the sentencing guidelines. Aluzzo's failure to cooperate would release the government from this obligation, and would allow the govern-

ment to oppose any downward adjustment recommended by the Probation Department. The agreement states that should Aluzzo violate of any of its provisions he "will not be released from his plea of guilty" and "will also be subject to prosecution for any federal criminal violation of which the Office has knowledge, including, but not limited to, the criminal activity described in paragraph 4 above." Agreement, paragraph 6 (includes a 1990 misdemeanor tax evasion charge). Following this agreement, Aluzzo provided information about his relationship with Asaro and about other criminal activities. He was not contacted by the government to take the plea described in the agreement.

Then in April 1996, the government confiscated electronic poker machines—allegedly used for illegal gambling—in the back room of a coffee shop owned by Aluzzo's daughter. This court has reviewed substantial evidence that these machines belong to Aluzzo and that he has thus violated the terms of the cooperation agreement. In June 1996, the government brought an indictment for felony tax evasion for the years 1990 and 1991.

Aluzzo moves to dismiss the indictment, claiming that the remedies for a breach of the plea agreement are limited to those specified. The defendant also claims that his period of cooperation ended with his giving information on Asaro, so that he should not be further bound by the agreement. In the alternative, Aluzzo claims that this Court should provide an evidentiary hearing to determine if he, in fact, breached the agreement by committing a subsequent crime. The government says that the agreement is still in effect because the defendant has yet to actually take the plea provided for in the agreement.

### INTENT OF THE PARTIES

■ A cooperation agreement is governed by contract principles. *United States v. Rexach,* 896 F.2d 710 (2d Cir.1990). The court must determine what the parties reasonably understood to be its terms, including intended remedies in the event of a breach. *Id.*

■ In some cooperation agreements, the sole benefit to the defendant is that the government will not oppose downward departure and will make a 5K motion describing the defendant's cooperation. *See, e.g., United States v. Resto,* 74 F.3d 22 (2d Cir.1996). This cannot, however, be said to be the primary benefit bargained for in *this* particular cooperation agreement. The benefit gained by the defendant was a reduction of the offense from a felony to a misdemeanor. The plea agreement does not have to explicitly state that the government could have charged the defendant with a felony, but in exchange for the defendant's cooperation, is allowing the defendant to plead guilty to a misdemeanor. This court must read the cooperation agreement for its consideration and make a determination as to what these parties bargained for. *See United States v. Castelbuono,* 643 F.Supp. 965, 970 (E.D.N.Y. 1986).

■ Ambiguities in a cooperation agreement are resolved in favor of the defendant. *Innes v. Dalsheim,* 864 F.2d 974, 978 (2d Cir.1988). This agreement is not, however, ambiguous under the basic principles of contract law. The defendant's interpretation, and claim of "ambiguity," renders the agreement meaningless. The claim of limited remedies available to the government in the event of a breach leaves this agreement with practically no obligations on the part of the defendant. The agreement would be void of consideration, and Aluzzo would have little incentive to cooperate.

■ The government agreed to charge the defendant with a misdemeanor instead of a felony, but only on the condition that he not commit further crimes. According to the defendant, he could refuse to cooperate and still expect to receive the primary benefit of the agreement. His only loss should he breach is that the government would not have to make a motion for a reduction of his sentence. This could not have reasonably been the intent or expectation of the parties. The court will not endorse an interpretation that leads to "absurd results." *See United States v. Castelbuono,* 643 F.Supp. 965, 970 (E.D.N.Y.1986).

## REMEDY IN THE EVENT OF BREACH

█ Aluzzo's failure to abide by the terms of the agreement warrants a remedy that deprives him of its primary benefit. The two specific remedies listed were merely supplemental to the agreement, corresponding to the additional benefits offered for the defendant's cooperation. The government's remedy for breach is limited only when it is clear from the agreement that this was the parties' intent. *United States v. Pelletier,* 898 F.2d 297, 299 (2d Cir.1990) (Oral cooperation agreement explicitly limited government's remedy to prosecution for perjury); *United States v. Macchia,* 861 F.Supp. 182 (E.D.N.Y.1994).

Aluzzo's agreement provides that should he commit further crimes he "will also be subject to prosecution for *any* federal criminal violation of which the office has knowledge ..." (emphasis added). This agreement clearly does not evidence any intent of the government to limit its remedies in the event of a breach. *See, United States v. Castelbuono,* 643 F.Supp. 965 (E.D.N.Y. 1986).

## SUBSEQUENT CRIMINAL ACTIVITY

█ Another purpose of this agreement was to discourage the defendant's future criminal activities. In *United States v. Lagatta,* 1991 WL 150735 (E.D.N.Y. July 31, 1991) (Nickerson, J.), the government agreed not to prosecute the defendant for conspiracy to distribute marihuana in exchange for his cooperation, including his promise not to commit further crimes. The defendant committed a subsequent crime, at which time the government initiated a prosecution of the marihuana offense. The defendant moved to dismiss the indictment, relying on the cooperation agreement. The Court rejected this argument, concluding that "[i]t would have been a strange agreement for the government to make had it voluntarily abandoned as a deterrent to future crimes the potential of prosecution on the marihuana offense." *Id.,* *1. Likewise, the government permitted Aluzzo to plead guilty to a misdemeanor charge and hoped to deter his future criminal behavior by reserving the potential to prosecute Mr. Aluzzo for felony tax evasion.

The defendant greatly misstates the power of the government when he claims that "as long as the investigation is not marked as being closed and until they call him in to take the plea, Mr. Aluzzo could be charged *for the rest of his life* with any one of a thousand-and-one-acts." Def.Mem. at 6. In fact, the cooperation agreement only subjects Mr. Aluzzo to being charged with the crimes that were the subject of that agreement. The government maintains an interest in the defendant obeying the law and makes such agreements to discourage criminal behavior. "Nothing suggests that his obligation to comply with the law was limited to that narrow period of time during which he actively cooperated with the government." *Resto* at 26. The defendant contends that "his actual involvement with the government died with his work in the Asaro case," while ignoring the fact that his involvement with the government originated with his own criminal acts and will subside with the defendant's restitution for his crimes.

The government is afforded considerable latitude in determining if a defendant has met the terms of a cooperation agreement, as long as the government acts in good faith and without unconstitutional motives. *United States v. Resto,* 74 F.3d 22, 25, 26 (2d Cir.1996). The government cannot, however, make this determination unilaterally. This Court must also be convinced beyond a preponderance of the evidence of the defendant's subsequent criminal activities. *United States v. Macchia,* 861 F.Supp. 182, 190 (E.D.N.Y.1994). The evidence reviewed by this court meets this burden, and the defendant is not entitled to a hearing on this matter.

## CONCLUSION

The primary benefit offered by the government in this cooperation agreement was a reduction of the charge from felony to misdemeanor tax evasion. The defendant agreed not to commit further crimes. There is substantial evidence that the defendant breached the agreement. He can not, therefore, reasonably expect to derive the primary benefit

of the agreement. The motion to dismiss the indictment is DENIED.

SO ORDERED.