**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 98-4309

HERMAN SCOTT LEVAUR,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Falcon B. Hawkins, Senior District Judge.
(CR-97-453)

Submitted: December 8, 1998

Decided: January 21, 1999

Before WIDENER and MICHAEL, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Andrew J. Savage, David L. Savage, SAVAGE & SAVAGE,
Charleston, South Carolina, for Appellant. J. Rene Josey, United
States Attorney, Miller W. Shealy, Jr., Assistant United States Attor-
ney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Herman Levaur appeals his conviction for conspiracy to possess with intent to distribute and distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994). His sole contention on appeal is that the district court erred in not compelling the government to move for a departure from the United States Sentencing Guidelines. We affirm.

On May 28, 1997, two weeks after Levaur was indicted for conspiracy to distribute and the distribution of methamphetamine, he signed a proffer letter agreeing to aid the government in its investigation of criminal activity. On October 10, 1997, Levaur and the government executed a plea agreement and Levaur pled guilty to Count One of his pending indictment. Under the agreement, Levaur agreed to be fully truthful and forthright with the government. The agreement further provided:

> The Defendant . . . agrees to submit to such polygraph examinations as may be requested by the Attorneys for the Government . . . and further agrees that his/her failure to pass any such polygraph examination to the Government's satisfaction will result, at the Government's sole discretion, in the obligations of the Attorneys for the Government within this Agreement becoming null and void.

(JA 16-17). In exchange for Levaur's cooperation the government agreed to move the district court to depart from the sentencing guidelines under U. S. Sentencing Guidelines Manual § 5K1.1 (1997).

After signing the plea agreement Levaur was thoroughly debriefed by Drug Enforcement Agency ("DEA") agents. He provided the agents with truthful information on numerous individuals involved in

2

drug trafficking in the Charleston, South Carolina, area. He also voluntarily testified before the Grand Jury. However, in a February 24, 1998, polygraph examination he lied to agents about discussing confidential DEA information with unauthorized persons. At sentencing Levaur admitted that as late as August, 1997, he told as many as four persons that their "name[s] had come up by DEA." (JA 115).

The government found that Levaur's statements and his failed polygraph examination breached his obligations under the plea agreement, and informed him that it would not move the district court for a substantial assistance departure. Levaur then moved to compel specific performance of the plea agreement. The district court denied Levaur's motion, finding that the government had the right to consider the plea agreement breached based on the failed polygraph examination. This appeal followed.

When a plea agreement obligates the government to move for a departure if the defendant provides substantial assistance, the resolution of the dispute is governed by principles of contract law, United States v. Conner, 930 F.2d 1073, 1076 (4th Cir. 1991), with an eye toward the unique Constitutional and supervisory requirements of criminal law. United States v. Harvey, 791 F.2d 294, 300-01 (4th Cir. 1986). If the district court determines, as a factual matter, that a breach has occurred, it may require specific performance or permit the plea to be withdrawn. Conner, 930 F.2d at 1076. In reviewing the denial of a motion to compel specific performance of a plea agreement, this court reviews the district court's underlying factual determinations for clear error, while reviewing principles of contract interpretation de novo. See United States v. Martin, 25 F.3d 211, 217 (4th Cir. 1996).

Levaur contends that his extensive cooperation with government agents satisfied his obligations under the plea agreement, and that his comments to certain persons that they were under investigation and his subsequent failure of the polygraph examination was not a material breach of that agreement. Levaur, however, gave deceptive answers during his polygraph examination. Consequently, the government was not satisfied with his polygraph performance--it believed that the actions underlying his deceptive answers seriously hindered their investigation and ability to successfully prosecute other sus-

3

pected drug dealers. Levaur failed to fulfill his obligation under the plea agreement to pass a polygraph to the government's satisfaction. Therefore, we find no error in the district court's determination that the government's dissatisfaction with Levaur's failed polygraph examination provided a sufficient basis on which to consider the plea agreement breached, thereby relieving the government of its obligation under the agreement to move for a downward departure.

Levaur also alleges that the government acted in bad faith in exercising its discretion not to move for a downward departure. He bases this argument on statements that the government made at sentencing suggesting that Levaur's cooperation would not have been sufficient to qualify as "substantial assistance." Plea agreements contain a duty of good faith and fair dealing. See United States v. Rexach, 896 F.2d 710, 714 (2d Cir. 1990). Therefore, where a plea agreement leaves discretion to the prosecutor, the district court may entertain claims that the prosecutor failed to act in good faith in exercising that discretion. See United States v. Vargas, 925 F.2d 1260, 1266 (10th Cir. 1991). Here, Levaur's failed polygraph examination provided a legitimate objective basis for finding that he breached his plea agreement. Moreover, at sentencing the government articulated concerns that Levaur's lack of discretion about the pending DEA investigation hindered that investigation and undermined the benefit of other assistance he provided. Accordingly, Levaur has not met his burden of demonstrating that the government violated its obligation to act in good faith in the execution of the plea agreement. See Conner, 930 F.2d at 1076 (noting party alleging breach has burden of proving breach by a preponderance of the evidence).

We therefore affirm Levaur's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4