**UNITED STATES of America,**
**Appellee,**

v.

**Howard WILLIS, Defendant–Appellant.**

**No. 03–1497.**

United States Court of Appeals,
Second Circuit.

Dec. 29, 2004.

Steven L. D'Alessandro, Assistant United States Attorney, for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York (David C. James, on the brief), for Appellee.

John H. Jacobs, New York, N.Y. (Stefanie V. Plaumann, on the brief), for Defendant–Appellant.

PRESENT: MESKILL, CALABRESI, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Howard Willis ("Willis") appeals from a judgment entered on August 11, 2003 by the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., *J.*), convicting him, upon his guilty plea, of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846.

On appeal, Willis raises three claims: (1) that the court erred in enhancing his sentence based upon facts not admitted during his plea allocution; (2) that his sentence should be vacated because, in declining to file an acceptance-of-responsibility sentencing recommendation, the Government breached its cooperation agreement; and (3) that, upon the alleged discovery of what Willis claims to be *Brady* material, he should have been allowed to withdraw his guilty plea.

We find no merit in Willis's contention that, under *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the district court violated his Sixth Amendment rights by imposing sentencing enhancements on the basis of findings that were neither specifically stipulated to in a plea allocution nor proved beyond a reasonable doubt to a jury. In *United States v. Mincey,* 380 F.3d 102 (2d Cir.2004) (per curiam), we held that *Blakely* does not apply to the Federal Sentencing Guidelines, and therefore "[u]nless and until the Supreme Court rules otherwise," courts can impose sentencing enhancements under the federal guidelines even in the absence of a finding by a jury or an admission in the course of a plea allocution. *Id.* at 106.

We also reject Willis's claim that the Government was required to file an acceptance-of-responsibility motion, *see* U.S.S.G. § 5K1.1, even though Willis was arrested on multiple criminal charges while out on

bail after he had entered into a cooperation agreement with the Government. In relevant parts, the agreement provided: "[s]hould it be judged by the Office [of the U.S. Attorney] that the defendant ... has committed or attempted to commit any further crimes," the Government will be released from its obligation to file a § 5K1.1 motion. Willis argues that since he had yet to be convicted of any of those crimes, the Government's efforts to withhold its § 5K1.1 motion were premature.

Although we review the terms of a cooperation agreement *de novo, see United States v. Padilla,* 186 F.3d 136, 139 (2d Cir.1999), we have held that the Government has broad discretion to judge whether a defendant violated the terms of such an agreement—and therefore to decide whether a defendant still merits a § 5K1.1 motion. *See United States v. Rexach,* 896 F.2d 710, 713–14 (2d Cir.1990); *see also United States v. Fernandez,* 127 F.3d 277, 286 (2d Cir.1997) (holding that when a defendant claims that the Government has breached a cooperation agreement by failing to file a § 5K1.1 motion, we "look to see if the government has lived up to its end of the bargain and whether the government acted fairly and in good faith" (internal quotations omitted)).

In the absence of any showing that the Government was acting in bad faith, the fact that Willis was arrested on charges of murder, abusing corpses, and credit card fraud provided sufficient justification for the Government to determine that Willis violated the terms of the agreement and, hence, for the Government's decision to withhold its § 5K1.1 motion. *See United States v. Gregory,* 245 F.3d 160, 164 (2d Cir.2001) (endorsing the decision of the district court to allow the Government to revoke its cooperation agreement based on the Government's good-faith reliance on "the undisputed fact that [the defendant] was arrested as well as on information provided in the arrest warrant, warrant application, and related reports").

Finally, Willis's claim that he should have been allowed to withdraw his guilty plea is unavailing. Willis alleges that the discovery of what he claims to be *Brady* material, after he had already pleaded guilty, supplied the court with compelling reasons in support of his request to withdraw his guilty plea.

Because, however, Willis made no showing that the Government possessed this evidence ahead of time or that this evidence was, in actuality, *Brady* material, *see Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *United States v. Persico,* 164 F.3d 796, 804–05 (2d Cir.1999), we cannot conclude that the district court erred, let alone abused its discretion, in determining that Willis failed to provide fair and just reasons for withdrawing his guilty plea. *See United States v. Torres,* 129 F.3d 710, 715 (2d Cir.1997) (noting that a "decision to allow a guilty plea to be withdrawn is committed to the discretion of the district judge and is reviewed for an abuse of discretion" (internal citation omitted)); Fed.R.Crim.P. 11(d).

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004), and *United States v. Fanfan,* —— U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004). Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not reconsider those portions of its opinion that address the defendant's sentence until after the Su-

preme Court's decision in *Booker* and *Fanfan*. In that regard, the parties will have until fourteen days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan*.

We have considered all of Willis's claims and find them to be without merit. The district court's judgment is therefore AFFIRMED.