**UNITED STATES of America, Appellee,**

v.

**Ricardo ROWLEY, also known as Braisy, Defendant–Appellant.**

**No. 08–4419–cr.**

United States Court of Appeals, Second Circuit.

May 8, 2009.

Brenda K. Sannes and Terrence M. Kelly, Assistant United States Attorneys for Andrew T. Baxter, Acting United States Attorney for the Northern District of New York, Syracuse, NY, for Appellee.

John B. Casey, Dreyer Boyajian, LLP, Albany, NY, for Defendant–Appellant.

PRESENT: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, Circuit Judges, Hon. J. GARVAN MURTHA, District Judge.*

## SUMMARY ORDER

Defendant Ricardo Rowley appeals from a judgment of the United States District Court for the Northern District of New York (Scullin, *J.*), following his guilty plea entered pursuant to a plea and cooperation agreement with the government. The District Court sentenced Rowley principally to the statutory minimum of ten years. We assume the parties' familiarity with the factual and procedural history of this case, as well as the issues on appeal.

Rowley's arguments on appeal concern the government's alleged violation of his plea and cooperation agreement. In the cooperation agreement, the government agreed to move for a downward departure, if, in its "sole discretion," it determined that "the Defendant has provided substantial assistance in the investigation or prosecution of other persons who have committed offenses...." This statement was qualified by a condition that the agreement was voidable if Rowley committed any further crime or violated the conditions of his supervised release.

At sentencing, the government declined to request a departure on the grounds that Rowley had not provided substantial assistance and had tested positive for marijuana in violation of his release terms. Rowley argues that because he did everything the government requested of him, including working with government agents and wearing a recording device, the government's refusal to request a downward departure was in bad faith. Additionally, he argues that the district court should have conducted an evidentiary hearing on Rowley's cooperation before determining that the government had not acted in bad faith.

We review a district court's findings of fact regarding a cooperation agreement for clear error. *See United States v. Roe*, 445 F.3d 202, 206 (2d Cir.2006). When, as here, "the government has discretion to determine the extent of the defendant's assistance, we review whether the prosecutor has made its determination in good faith." *Id.* at 207 (internal quotation marks omitted). We have held that this requires "only that the government have honest dissatisfaction with the defendant's efforts." *Id.* (internal quotation marks omitted).

Given that the government contends that Rowley's efforts did not result in any useful material, and that Rowley otherwise raises no other specific allegations of bad faith, we cannot say that the government was not "honestly dissatisfied" with his efforts. *See id.* (quoting *United States v. Rexach*, 896 F.2d 710, 713 (2d Cir.1990)) (noting that if the government is "honestly, even though unreasonably dissatisfied," the defendant has failed to meet his burden). Notably, the government also had

* The Honorable J. Garvan Murtha of the United States District Court for the District of Vermont, sitting by designation.

an absolutely colorable, independent reason for denying Rowley a downward departure: his marijuana use, which violated the conditions of his supervised release and, in turn, his cooperation agreement.

Rowley argues that the district court should have conducted an evidentiary hearing on this issue. It is still unclear in our Circuit whether we apply a *de novo* or abuse of discretion standard to a district court's denial of an evidentiary hearing on the government's good faith. *See id.* at 206. But again, we need not reach this issue, because even under our most stringent review, there is no error; an evidentiary hearing on the question of Rowley's efforts and allegations of bad faith would be moot in light of the government's independent grounds for refusing to request a downward departure.

For the foregoing reasons, we AFFIRM the judgment of the district court.