20-3490-cr
*United States v. Gonzalez*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SEALED SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand twenty-one.

PRESENT:   JOSÉ A. CABRANES,
           BARRINGTON D. PARKER,
           EUNICE C. LEE,
                     *Circuit Judges.*

---

UNITED STATES OF AMERICA,

        *Appellee,*

    v.                                                   20-3490-cr

JOSELITO RODRIGUEZ GONZALEZ,

        *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR APPELLEE:** | Tiffany H. Lee, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, NY. |
| **FOR DEFENDANT-APPELLANT:** | David R. Morabito, East Rochester, NY. |

Appeal from a judgment, entered September 22, 2020, by the United States District Court for the Western District of New York (Frank P. Geraci, Jr., then-*Chief Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 22, 2020 judgment of the District Court be and hereby is **AFFIRMED**.

Defendant Joselito Rodriguez Gonzalez appeals the District Court's judgment principally sentencing him to a 72-month term of imprisonment and four years of supervised release. On March 26, 2019, Gonzalez pleaded guilty to one count of conspiracy to possess with intent to distribute and distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and ▮▮▮▮

On July 23, 2020, after Gonzalez had pleaded guilty, he was arrested by the Livingston County Sheriff's Office for allegedly selling cocaine on three occasions: July 18, July 20, and July 23, 2020. ▮▮▮▮ We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Where, as here, a plea agreement "is conditioned on satisfaction of the obligor, the condition is not met 'if the obligor is honestly, even though unreasonably, dissatisfied.'" *United States v. Rexach*, 896 F.2d 710, 713 (2d Cir. 1990) (citing Restatement (Second) of Contracts § 228, cmt. ▮▮▮▮



█████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████

████████████████████████████████████████████████████████

███████████████████████████████ "The charges filed against [Gonzalez] provided a good faith basis for the Government to determine that he had breached his obligation not to commit any further crimes." ███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████████ Accordingly, and after reviewing the record before us, we find nothing to support Gonzalez's allegation of bad faith on the part of the Government.

We have considered all of Gonzalez's remaining arguments and find them to be without merit. For the foregoing reasons, therefore, we **AFFIRM** the September 22, 2020 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

Catherine O'Hagan Wolfe

---

