**UNITED STATES of America, Appellee,**

v.

**Ahmed IMTIAZ, Defendant–Appellant.**

**No. 1012, Docket 95–1506.**

United States Court of Appeals, Second Circuit.

Argued Feb. 9, 1996.

Decided Feb. 20, 1996.

Filed March 27, 1996.

■

---

Michael F. Bachner, New York City, for Defendant–Appellant.

Mark O. Wasserman, Assistant United States Attorney, Eastern District of New York, Brooklyn, NY (Zachary W. Carter, United States Attorney, Peter A. Norling, Assistant United States Attorney, Eastern District of New York, Brooklyn, NY, of counsel), for Appellee.

Before McLAUGHLIN and CABRANES, Circuit Judges, and WEINSTEIN, District Judge.*

PER CURIAM:

Alfred Imtiaz appeals from a sentence imposed on August 18, 1995, in the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., Judge).

## BACKGROUND

In January, 1992, Imtiaz was arrested for his role in a heroin-trafficking conspiracy. He met with a prosecutor and a DEA agent for a proffer session, during which he identified other heroin dealers, including Shamim Raja. Thereafter, the government entered into a plea agreement with Imtiaz, in which he agreed to plead guilty to conspiracy to possess with the intent to distribute heroin, in violation of 21 U.S.C. § 846. He also agreed to assist the authorities. In exchange, the government agreed to move for a downward departure if it determined that Imtiaz's assistance was substantial. Imtiaz then pled guilty.

None of Imtiaz's information amounted to much. Shamim Raja was already in custody in Pakistan, serving a fifteen-year sentence. And, the government could not obtain enough corroborating information concerning two other heroin dealers Imtiaz identified in order to arrest them. The most promising tip concerned yet another drug trafficker, Suleman Khan, whom Imtiaz met while in custody at the Metropolitan Correctional Center. Suleman's brother, Ilyas Khan, wanted to buy heroin. The authorities set up an undercover operation targeting Ilyas, but negotiations for a two-kilogram deal fell apart when Imtiaz got into an altercation with Suleman. Subsequently, the authorities

---

* Honorable Jack B. Weinstein, of the United States District Court for the Eastern District of New York, sitting by designation.

discovered that Ilyas had an outstanding warrant in the Southern District for heroin trafficking. Finally, in 1994, the government notified Imtiaz's counsel that it would not move for a substantial assistance downward departure.

At sentencing, Imtiaz's adjusted offense level gave him a sentencing range of 87 to 108 months' imprisonment. Seeking a shorter sentence, Imtiaz argued that the government was acting in bad faith by refusing to move for a substantial assistance departure. In response, the government conceded that Imtiaz had told the truth about various heroin traffickers, but asserted that his cooperation did not amount to substantial assistance. Specifically, the operation against Ilyas was undermined after Imtiaz and Suleman had an altercation. Imtiaz countered that the government had enough evidence against Ilyas to prosecute him for conspiracy, and that, by failing to arrest Ilyas, the government had frustrated Imtiaz's efforts to cooperate. Imtiaz further contended that: (1) he was at least entitled to a hearing on the bad faith issue; and (2) he deserved a two-level minor role downward adjustment under U.S.S.G. § 3B1.2. The district court rejected both arguments, and sentenced Imtiaz to 87 months' imprisonment, the bottom of the applicable Guidelines range.

## DISCUSSION

On appeal, Imtiaz argues that the district court erred by: (1) imposing sentence without conducting a hearing on the bad faith issue; and (2) refusing to give him a minor role downward adjustment. He adds a request that (3) the matter be remanded to a different district judge for resentencing. None of his arguments persuades us.

### I.  Bad faith

■ A court may review a prosecutor's refusal to recommend a downward departure for substantial assistance to determine if the prosecutor acted in bad faith. *See United States v. Knights,* 968 F.2d 1483, 1487 (2d Cir.1992). Even then, to trigger judicial review of the prosecutor's decision, the defendant "must first allege that he ... believes the government is acting in bad faith."

*United States v. Khan,* 920 F.2d 1100, 1106 (2d Cir.1990), *cert. denied,* 499 U.S. 969, 111 S.Ct. 1606, 113 L.Ed.2d 669 (1991). The government "may rebut this allegation by explaining its reasons for refusing to depart." *Knights,* 968 F.2d at 1487. If the government explains its reasons, the defendant must "make a showing of bad faith to trigger some form of hearing on that issue." *Id.* (internal quotation marks omitted). Unless the government's reasons are wholly insufficient, *id.* at 1487–89, or unless the defendant's version of events, supported by at least some evidence, contradicts the government's explanation, *see United States v. Leonard,* 50 F.3d 1152, 1157–58 (2d Cir. 1995), no hearing is required.

■ Here, in response to Imtiaz's allegation of bad faith, the government explained that his assistance was not substantial. The government emphasized that Imtiaz's dispute with Suleman undermined the sting operation against Ilyas. The government added that it chose not to prosecute Ilyas because he withdrew from the proposed deal before delivering cash, making a conspiracy prosecution far less attractive and removing the ability to seize "buy money" produced by Ilyas. Given the "[s]ubstantial weight" we must give "to the government's evaluation of the extent of the defendant's assistance," U.S.S.G. § 5K1.1, comment. n. 3; *see United States v. Huerta,* 878 F.2d 89, 93 (2d Cir. 1989), *cert. denied,* 493 U.S. 1046, 110 S.Ct. 845, 107 L.Ed.2d 839 (1990), we cannot say that this reason was insufficient. *Contrast Knights,* 968 F.2d at 1487–89 (government's explanation was wholly insufficient). And, Imtiaz did not proffer any evidence contradicting the government's explanation; he simply reasserted his allegation of bad faith. *Contrast Leonard,* 50 F.3d at 1157–58 (defendant's account, corroborated by evidence, contradicted government's explanation). Accordingly, the district court did not err by refusing to hold a hearing.

### II.  Minor role

■ Imtiaz's argument that he was entitled to a minor role downward adjustment pursuant to U.S.S.G. § 3B1.2 borders on the

frivolous. We review for clear error a district court's refusal to adjust downwardly for minor role. *See United States v. Garcia*, 920 F.2d 153, 155 (2d Cir.1990) (per curiam). Furthermore, "the defendant bears the burden of proving by a preponderance of the evidence that his role in the offense was a minor one." *United States v. Lopez*, 937 F.2d 716, 726 (2d Cir.1991). Imtiaz fell far short of meeting that burden here. He acted as the broker for a two-kilogram heroin transaction, putting together the buyer and seller. He also delivered the heroin and picked up the money from the sale of the heroin. The latter role alone might have merited the denial of a minor role adjustment. *See Garcia*, 920 F.2d at 154–55 (affirming denial of minor role downward adjustment where defendant was merely a drug courier). Thus, there was no clear error here.

## CONCLUSION

Having found no error below, we need not address Imtiaz's request for resentencing before a different district judge. Accordingly, the sentence is AFFIRMED.