104 F.3d 354
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Tariq MAHMOOD, Defendant-Appellant.
 No. 96-1003.
 United States Court of Appeals, Second Circuit.
 Nov. 1, 1996.
 
 FOR APPELLANT: Lloyd Epstein, Epstein & Weil, New York, NY.
 FOR APPELLEE: Samuel Buell, A.U.S.A., E.D.N.Y., Brooklyn, NY.
 Before MESKILL and McLAUGHLIN, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 3
 Zahid Mahmood ("Zahid") (no relation to appellant) was arrested at John F. Kennedy International Airport, after a routine Customs inspection revealed he was carrying 398.5 grams of heroin. Zahid agreed to cooperate with authorities and confessed that Tariq Mahmood ("Mahmood") had given him the heroin back in Pakistan along with instructions to contact Mahmood in New York after Zahid arrived in the United States. In a monitored call, Zahid and Mahmood discussed returning the heroin to Tariq. They agreed to meet the next day. Mahmood never arrived at the agreed location. Two months later, Mahmood was arrested at his place of employment in New York City.
 
 
 4
 Tariq Mahmood pled guilty in the United States District Court for the Eastern District of New York (Block, J.) to conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. § 846. Mahmood admitted that he was aware that Zahid had imported the heroin into the United States and that he conspired with Zahid to distribute the heroin by securing a prospective buyer and providing a sample of the heroin to that buyer.
 
 
 5
 The government's Presentence Investigation Report determined Mahmood's base offense level to be 26 and recommended a three-level downward adjustment to 23 for acceptance of responsibility. Mahmood requested further downward adjustment pursuant to (1) the "safety valve" benefits of Sentencing Guidelines § 5C1.2 because of his purported cooperation with the government, and (2) § 3B1.2 because of his "minor" or "minimal" participation in the conspiracy. The district court granted his request pursuant to § 5C1.2 and adjusted his offense level downward from 23 to 21. The district court denied the request for further downward adjustment pursuant to § 3B1.2 finding that Mahmood was not a "minimal" or "minor" participant. Mahmood now appeals arguing that the district court erred when it did not find him to be a minimal or minor participant.
 
 
 6
 The district court's determination of whether a defendant is a minor or minimal participant for purposes of § 3B1.2 of the Sentencing Guidelines will not be disturbed unless clearly erroneous. United States v. Imtiaz, 81 F.3d 262, 265 (2d Cir.1996).
 
 
 7
 Section 3B1.2 of the Sentencing Guidelines provides for two types of downward adjustments based on a defendant's mitigating role in an offense. Subsection (a) authorizes a four-level reduction where the defendant was a "minimal" participant. Guidelines § 3B1.2(a). Subsection (b) authorizes a two-level reduction where the defendant was a "minor" participant. Guidelines § 3B1.2(b). The defendant bears the burden of proving his reduced level of culpability by a preponderance of the evidence. Imtiaz, 81 F.3d at 265. To meet this burden a defendant must not only show that he played a minor or minimal role in comparison to his co-conspirators, but that he played a minor or minimal role in comparison to the average participant in a similar drug crime. United States v. Ajmal, 67 F.3d 12 (2d Cir.1995).
 
 
 8
 Mahmood failed to demonstrate that he was either a minor or minimal participant in comparison to his coconspirator or the average person in a similar drug conspiracy. Judge Block noted that of the two men involved in the crime, Mahmood was the more culpable of the two. He admitted that he planned to receive the drugs and distribute them. His role in the drug conspiracy is clearly not minimal or minor by our standards. See Imtiaz, 81 F.3d at 262 (defendant not minimal or minor participant when broker for heroin transaction); United States v. Shonubi, 998 F.2d 84 (2d Cir.1993) (defendant not minimal or minor participant when drug courier).
 
 
 9
 We have considered all the additional arguments raised by Tariq Mahmood, and find them to be without merit.
 
 
 10
 Accordingly, the decision of the district court is AFFIRMED.