**UNITED STATES of America,**
**Appellee,**

v.

**Mounir BENJELLOUN, Defendant–**
**Appellant.**

**Docket No. 00–1508.**

United States Court of Appeals,
Second Circuit.

June 13, 2001.

Julia Pamela Heit, New York, NY, for appellant.

Laurice Arroyo, Assistant United States Attorney for the Eastern District of New York; Loretta E. Lynch, United States Attorney and Susan Corkery, Assistant United States Attorney, on the brief, for appellee.

* Hon. John G. Koeltl, Southern District of New

Present McLAUGHLIN, POOLER, Circuit Judges, and KOELTL, District Judge.*

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED that the order of said District Court be and it hereby is DISMISSED IN PART AND AFFIRMED IN PART.

Mounir Benjelloun appeals from his conviction entered after he plead guilty to one count of illegally possessing unauthorized telephone access devices in violation of 18 U.S.C. § 1029(a)(3) and (c)(1). For the reasons given below, we dismiss in part and affirm.

Benjelloun was arrested at LaGuardia Airport on a warrant issued by the United States District Court for the Northern District of Texas. While detained and awaiting removal, he began cooperating with federal law enforcement officials in New York. Benjelloun consented to the transfer of his case from the Northern District of Texas to the Eastern District of New York for the purpose of entering a guilty plea. He then entered into a written cooperation agreement with the government. In August 1999, he was released into home detention with his girlfriend, Samira Hilal, acting as suretor.

On January 24, 2000, the assigned pretrial service officer told the court that Ms. Hilal complained of Benjelloun physically and verbally assaulting her on a number of occasions over the previous month. At a hearing the next day to determine if Benjelloun should remain out on bail, the government argued the assaults placed Benjelloun in violation of the cooperation agreement and required he be remanded to the court's custody. Defense counsel argued Hilal was willing to remain as sure-

York, sitting by designation.

tor. The court refused to permit Hilal to testify. The court remanded Benjelloun into custody, finding he failed to meet his burden of showing by clear and convincing evidence that his remaining on home detention would not impose a risk to the community or impose a risk of non-appearance. Once remanded, Benjelloun's cooperation with government officials ended.

At sentencing, Benjelloun sought a downward departure based on the extraordinary circumstances of his childhood. Specifically, he argued his mother forced him from the family home in Morocco at the age of 12½ and abandoned him in New York, with instructions to earn money to send back home. Benjelloun also argued the government acted in bad faith by not recommending a downward departure pursuant to U.S.S.G. § 5K1.1, as provided for in the plea agreement. The government argued it did not issue the § 5K1.1 letter contemplated by the cooperation agreement because Benjelloun's cooperation was not substantial. Benjelloun asked for a hearing to determine if the government had acted in good faith. Judge Sifton asked the government if Benjelloun's cooperation led to any arrests. The government reported that while Benjelloun had identified one suspect who was later arrested, the arrest was predicated on other investigation and surveillance. Judge Sifton declined to hold a hearing. He sentenced Benjelloun to 30 months, the lowest possible term under the applicable guideline.

We lack jurisdiction to review a district court's refusal to make a discretionary downward departure from the Sentencing Guidelines unless the district court "relied on the mistaken belief that it lacked authority to depart." *United States v. Middlemiss,* 217 F.3d 112, 124–25 (2d Cir.2000) (citation omitted). On appeal, Benjelloun argues the district court did not recognize its ability to downward depart. Alternatively, he argues the district court may have misunderstood its authority to downwardly depart from the sentencing guidelines. We disagree. The transcript of the sentencing hearing shows the district court recognized it had authority to depart on the grounds presented by Benjelloun and chose not to exercise its authority.

Benjelloun next argues the district court erred in denying him a hearing on his claim that the government acted in bad faith by not moving for a downward departure. When a defendant accuses the government of acting in bad faith in refusing to recommend a downward departure, the district court determines whether a hearing on the issue is necessary. *United States v. Imtiaz,* 81 F.3d 262, 264 (2d Cir.1996). The burden is on defendant to make the allegation, which the government may rebut "by explaining its reasons for refusing to depart." *Id.* The burden then shifts back to the defendant to "make a showing of bad faith to trigger some form of hearing on that issue." *Id.* (internal quotations and citations omitted). The district court's "role is limited to deciding whether the prosecutor made the determination in good faith." *United States v. Rexach,* 896 F.2d 710, 714 (2d Cir.1990). Here, the government said it refused to move for a downward departure because (1) Benjelloun's cooperation did not provide sufficient detailed information; (2) did not lead to any arrests; and (3) was cut short when the incident with Ms. Hilal led to his being remanded. Benjelloun offered no rebuttal. Thus, the district court properly found a hearing unnecessary.

We have examined the remainder of defendant's arguments and find them without merit.