**UNITED STATES of America,**
**Appellee,**

v.

**Tyrone SHERROD, also known as**
**Tyrone Anderson, also known**
**as Pablo, Defendant,**

**Sung Soo Park, also known as Tony**
**Park, Defendant–Appellant.**

**No. 03–1580.**

United States Court of Appeals,
Second Circuit.

Oct. 25, 2004.

William Burke, Assistant United States Attorney, for David N. Kelley, United States Attorney for the Southern District of New York (Glenn C. Colton and Peter G. Neiman, Assistant United States Attorneys, on the brief), for Appellee.

Lawrence F. Ruggiero, New York, N.Y., for Defendant–Appellant.

PRESENT: OAKES, KEARSE, and CALABRESI, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Sung Soo Park ("Park") appeals from a three-count conviction for conspiring to distribute and possess with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 846; for distributing and possessing with intent to distribute 5 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(B), and 18 U.S.C. § 2; and for distributing approximately 50 grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A), and 18 U.S.C. § 2.

Park raises four principal arguments on appeal. He contends (1) that the Government, in rebutting Park's entrapment defense, failed to prove predisposition; (2) that the district court erred in allowing excessive and inflammatory evidence to be admitted; (3) that the district court committed clear error in failing to grant Park a mitigating-role adjustment; and finally, (4) that the district court clearly erred in not lowering Park's sentence below the mandatory minimum on the basis of sentencing manipulation.

With respect to the entrapment claim, we find ample support in the record for a jury to conclude that Park was predisposed to criminal behavior of the sort that led to his arrest and conviction. *See, e.g., United States v. Salerno*, 66 F.3d 544, 547 (2d Cir.1995); *United States v. Valencia*, 645 F.2d 1158, 1167 (2d Cir.1980).

We also find no merit to Park's second contention, that the court erred in admitting excessive and inflammatory evidence. *See, e.g., United States v. Pascarella*, 84 F.3d 61, 72–73 (2d Cir.1996); *United States v. Harvey*, 991 F.2d 981, 994 (2d Cir.1993).

Third, given Park's extensive involvement in the underlying crimes, the court below did not err, let alone clearly err, in failing to grant a mitigating-role adjustment. *See United States v. Jeffers*, 329 F.3d 94, 103 (2d Cir.2003); *United States v. Imtiaz*, 81 F.3d 262, 264–65 (2d Cir. 1996).

Finally, there is again no error, and certainly no clear error, associated with the district court's refusal to lower Park's sentence below the mandatory minimum. *See, e.g., United States v. De La Pava*, 268 F.3d 157, 166 (2d Cir.2001); *United States v. Martin*, 78 F.3d 808, 814–15 (2d Cir. 1996).

We have considered all of Park's claims and find them to be without merit. The district court's judgment is therefore AFFIRMED.

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker*, ─── U.S. ───, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004), and *United States v. Fanfan*, ─── U.S. ───, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004). Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the Court will not reconsider those portions of its opinion that address Park's sentence until after the Supreme Court's decision in *Booker* and *Fanfan*. In that regard, the parties will have until fourteen days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan*.