**UNITED STATES of America,**
**Appellee,**

v.

**Juan Edgar Loera MACIAS,**
**Defendant–Appellant.**

Nos. 05–3460, 05–3775.

United States Court of Appeals,
Second Circuit.

June 6, 2006.

Sabrina P. Schroff, New York, NY, for Defendant–Appellant.

Michael J. Garcia, United States Attorney for the Southern District of New York (Jonathon B. New, Katherine Polk Failla, Assistant United States Attorneys, Of Counsel), New York, NY, for Appellee.

PRESENT: Hon. ROBERT D. SACK, Hon. ROBERT A KATZMANN, Circuit Judges, Hon. J. GARVAN MURTHA,* District Judge.

* Of the United States District Court of the

## SUMMARY ORDER

Juan Edgar Loera Macias appeals a district court decision sentencing him principally to 108 months imprisonment. Macias argues that the district court's sentence was unreasonable because the court wrongfully denied his requests for a minor role adjustment and because the court failed to consider his health for the purposes of a departure under the United States Sentencing Guidelines or as a factor relevant to sentencing pursuant to 18 U.S.C. § 3553(a)(2)(D).

After *Booker*, we review sentences for substantive and procedural reasonableness. *United States v. Booker*, 543 U.S. 220, 260–61, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *United States v. Crosby*, 397 F.3d 103, 112–113 (2d Cir.2005). We continue to "review[ ] the district court's factual determinations for clear error, its legal conclusions de novo, and its exercises of discretion with respect to departures for abuse of discretion." *United States v. Fuller*, 426 F.3d 556, 562 (2d Cir.2005).

Macias argues that he deserved a minor role adjustment pursuant to U.S.S.G. § 3B1.2(b) because he was a mere courier with little knowledge of the conspiracy in question. But a courier does not automatically qualify for a minor role adjustment. *See United States v. Garcia*, 920 F.2d 153, 155 (2d Cir.1990). Macias acted as a courier on more than one occasion, he made a significant profit in doing so, he transported a large quantity of cocaine (47 kilograms), and he admits that he knew he was transporting cocaine. All of these factors support the district court's decision not to make the adjustment. *See United States v. Jeffers*, 329 F.3d 94, 103 (2d Cir.2003); *United States v. Imtiaz*, 81 F.3d

District of Vermont, sitting by designation.

262, 265 (2d Cir.1996); *United States v. Shonubi,* 998 F.2d 84, 85 (2d Cir.1993). The district court therefore did not err in declining to grant Macias a minor-role adjustment.

Macias next argues that the district court failed to consider his health condition in the context of a downward departure pursuant to the Sentencing Guidelines or in its analysis of the sentencing factors in 18 U.S.C. § 3553(a). But the record shows that contrary to Macias's assertions, the district court did consider Macias's health problems, both in addressing his downward departure request and in weighing the section 3553(a) factors. Because the district court did not misunderstand its authority to grant a Guidelines departure, we have no authority to review its decision not to. *United States v. Kalust,* 249 F.3d 106, 110 (2d Cir.2001). And because the court was aware of and took into account the relevant section 3553(a) factors, it did not erroneously fail to consider them. *See United States v. Fleming,* 397 F.3d 95, 100 (2d Cir.2005).

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.