**UNITED STATES of America,**

v.

**Jeffrey L. LEWIS, Defendant–
Appellant.**

**No. 06–0408–cr.**

United States Court of Appeals,
Second Circuit.

Jan. 25, 2007.

Stephan J. Baczynski, Assistant United States Attorney (Terrance P. Flynn, United States Attorney for the Western District of New York, on the brief), Buffalo, NY, for Appellant.

Robert G. Smith, Assistant Federal Defender (Jay S. Ovsiovitch, of counsel), Rochester, NY, for Appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. PIERRE N. LEVAL, Circuit Judges, Hon. STEFAN R. UNDERHILL, District Judge.*

**SUMMARY ORDER**

Lewis appeals from a judgment entered January 18, 2006 in the Western District of New York (David G. Larimer, *Judge* ), following a guilty plea, convicting him of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).

Lewis' plea agreement provided that "should the government determine that [Lewis] has provided substantial assistance in the investigation or prosecution of other persons who have committed offenses, the government will move the Court at sentencing to depart downwards," on condition that "the defendant must, at all times, give complete, truthful and accurate information and testimony...." The agreement also provided that "the decision to make such a motion is within the sole discretion of the government." Lewis provided testimony on behalf of the government in two other trials, including one Richard Pratt.

---

* The Honorable Stefan R. Underhill, District Judge for the District of Connecticut, sitting by designation.

After Pratt moved—successfully—for a new trial on the basis that Lewis' testimony was untruthful, the government moved the District Court for a determination that Lewis had breached the plea agreement. Following a hearing, the District Court found that Lewis had breached the agreement, and that the Government was acting within its discretion in refusing to move for a downward departure. Lewis appeals from that decision.[1]

We "review a prosecutor's refusal to recommend a downward departure for substantial assistance to determine if the prosecutor acted in bad faith." *United States v. Imtiaz*, 81 F.3d 262, 264 (2d Cir.1996). "[W]here the explicit terms of a cooperation agreement leave the acceptance of the defendant's performance to the judgment of the prosecutor, the prosecutor may reject the defendant's performance provided he or she is honestly [even though 'unreasonably'] dissatisfied." *United States v. Rexach*, 896 F.2d 710, 713 (2d Cir.1990) (quoting Restatement (Second) of Contracts § 228, Comment a). Having reviewed the record, we see no reason to doubt that the Government was honestly, and indeed reasonably, dissatisfied with Lewis' performance. Accordingly, the Government in good faith could exercise its discretion not to file a motion for downward departure under U.S.S.G. § 5K1.1.

For the foregoing reasons, we AFFIRM.

---

1. Lewis waived his right to appeal a sentence of 78 months or lower, and the Government contends that that waiver bars this appeal. Lewis argues that his appeal is not from his sentence, but from the District Court's finding that he had breached the plea agreement.

Regardless of how Lewis characterizes his appeal, we find that it lacks merit, because the Government was in good faith and within its discretion in refusing to move for a downward departure, and therefore we do not need to decide the possible scope of Lewis' waiver.