09-2235-cr (L)
USA v. Morgan

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of  March, two thousand eleven.

Present:
> ROBERT A. KATZMANN,
> REENA RAGGI,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges*.

---

UNITED STATES OF AMERICA,

      *Appellee*,

        v.                                                          Nos.   09-2235-cr (L),
                                                     09-2351-cr (CON)

RICHARD MORGAN and DAVID MILLER,

      *Defendants-Appellants*,

JUSTIN FAELLO, RYAN SCHLOTT, PETER FOURNIER, BRUCE HOSENBOLD,

      *Defendants.*

---

For Defendant-Appellant Morgan:      STACEY RICHMAN, Law Offices of Stacey Richman, Esq., Bronx, N.Y.

For Appellee:                          BONNIE S. KLAPPER, Assistant United States Attorney
                                       (Peter A. Norling, Assistant United States Attorney, *on
                                       the brief*), *for* Loretta E. Lynch, United States Attorney
                                       for the Eastern District of New York, Brooklyn, N.Y.


Appeal from the United States District Court for the Eastern District of New York (Platt, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Richard Morgan[1] appeals from a May 22, 2009 judgment of conviction entered by the United States District Court for the Eastern District of New York (Platt, *J.*).  Morgan was convicted, following his guilty plea pursuant to a cooperation agreement, of conspiracy to distribute and possess with intent to distribute oxycodone, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C), and was sentenced principally to a term of 168 months' imprisonment.  On appeal, Morgan challenges the procedural and substantive reasonableness of his sentence as well as the government's withdrawal of its motion for a downward departure pursuant to Section 5K1.1 of the United States Sentencing Guidelines (the "Guidelines").  We assume the parties' familiarity with the facts and procedural history of this case.

We first address Morgan's challenges to the procedural reasonableness of his sentence. "We review the reasonableness of a district court's sentence under a deferential abuse of discretion standard." *United States v. Hernandez*, 604 F.3d 48, 52 (2d Cir. 2010).  "A district court commits procedural error where it fails to calculate the Guidelines range . . . , makes a

---

[1] This summary order addresses only Morgan's appeal.  The consolidated appeal by Defendant-Appellant David Miller consists only of an *Anders* motion, which we decided under separate cover.

2

mistake in its Guidelines calculation, or treats the Guidelines as mandatory." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). "It also errs procedurally if it does not consider the [18 U.S.C.] § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact." *Id.* In addition, a district court errs "if it fails adequately to explain its chosen sentence." *Id.*

As an initial matter, Morgan asserts that the district court failed to assess or calculate the Guidelines range. The record, however, makes clear that there was no error in this regard. Morgan's Guidelines calculations were set forth in his presentence report ("PSR"), to which the parties and the district court repeatedly referred during the sentencing hearing. Moreover, shortly before the pronouncement of the sentence, the government's counsel expressly referenced the Guidelines range of 168 to 210 months' imprisonment, and the district court's comments evinced its awareness that the 168-month sentence it imposed was at the bottom of the Guidelines range.

Next, Morgan advises us that "[i]t may be seen that the Court treated the Guidelines as mandatory." Appellant's Br. 14. In reviewing this claim, we apply a presumption that "a district court understands its authority to depart" from the Guidelines, and allow this presumption to be "overcome only in the rare situation where the record provides a reviewing court with *clear evidence* of a substantial risk that the judge misapprehended the scope of his departure authority." *United States v. Sero*, 520 F.3d 187, 192 (2d Cir. 2008) (internal quotation marks omitted). Here, the court explicitly recognized its authority to impose a non-Guidelines sentence. Therefore, the record makes abundantly clear that the district court was aware that the Guidelines are advisory.

Morgan also argues that the district court failed to give proper consideration to the sentencing factors set forth in 18 U.S.C. § 3553(a). "[W]e presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors." *United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir. 2006). "[N]o 'robotic incantations' are required to prove the fact of consideration, and we will not conclude that a district judge shirked her obligation to consider the § 3553(a) factors simply because she did not discuss each one individually or did not expressly parse or address every argument relating to those factors that the defendant advanced." *Id.* (citations and footnote omitted). There is nothing in this record that rebuts the district court's statements that it considered the factors set forth in § 3553(a).

The next aspect of Morgan's procedural challenge involves the contention that the district court made erroneous factual findings by failing to assess or inquire into the circumstances of the government's withdrawal of its 5K1.1 motion and Morgan's violation of his cooperation agreement. Morgan argues, in essence, that the conduct leading to his arrest was not criminal, or alternatively, that if this conduct were criminal, it should be disregarded in light of his extensive cooperation. For the following reasons, we are unpersuaded.

Morgan was arrested pursuant to a warrant while awaiting sentencing in this matter. The government's affidavit in support of the arrest warrant charged Morgan with violating 21 U.S.C. § 844, which in relevant part proscribes "knowingly or intentionally purchas[ing] at retail during a 30 day period more than 9 grams of . . . pseudoephedrine base . . . in a scheduled listed chemical product." The affidavit detailed how Morgan, beginning in January 2008, had engaged

4

in a pattern of purchasing large quantities of pseudoephedrine tablets from various pharmacies, and indicated that in January 2009, Morgan had purchased a total of 24.48 grams of decongestant tablets from six different CVS pharmacies. Morgan admits to this conduct, but contends that his purchases were not criminal because Congress enacted this prohibition on excessive retail purchases of pseudoephedrine in order to combat the use of this drug for the purpose of manufacturing methamphetamine, whereas Morgan, who was addicted to pseudoephedrine, personally consumed all the tablets he purchased. Regardless of the statute's aim, Morgan cannot dispute that his purchases fall within the ambit of the text of § 844. "Statutory construction begins with the plain text and, if that text is unambiguous, it usually ends there as well." *United States v. Gayle*, 342 F.3d 89, 92 (2d Cir. 2003). The terms of § 844 provide no exemption for personal use. Indeed, the fact that a separate provision of Title 21 proscribes the possession of pseudoephedrine for the purpose of manufacturing methamphetamine, *see* 21 U.S.C. § 841(c)(2), belies the extratextual exemption that Morgan urges us to read into § 844. Thus, to the extent the district court based its sentence on the understanding that Morgan's pseudoephedrine purchases were in violation of § 844, we detect no error.

Even apart from the issue of whether Morgan's pseudoephedrine purchases were criminal, we see nothing improper in the district court's references to Morgan's violation of the cooperation agreement, as Morgan's conduct leading to his arrest was relevant to the district court's sentencing determination. For one thing, the revelation of Morgan's pseudoephedrine addiction contradicted the assertion in his prior sentencing letter that he had attained sobriety by the time of his arrest in 2007. What is more, the warrant affidavit asserted that Morgan's pattern

5

of pseudoephedrine purchases was consistent with the act of "smurfing" or structuring these transactions so as to avoid detection by law enforcement. In sum, Morgan's dependence on and transactions involving a controlled substance while released on bail and awaiting sentencing on a drug offense cast doubt on Morgan's rehabilitation and suggested the need to craft a sentence to afford deterrence. We therefore decline to conclude that there was anything improper about the district court's consideration of Morgan's violation of the cooperation agreement or the government's withdrawal of the 5K1.1 motion.

In his final assertion of procedural error, Morgan claims that the district court failed to provide an adequate explanation for the sentence it imposed. Pursuant to 18 U.S.C. § 3553(c), the district court is required to "state in open court the reasons for its imposition of the particular sentence." This provision does not require the district court to issue "a full opinion in every case"; rather, "[t]he appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances." *Rita v. United States*, 551 U.S. 338, 356 (2007). "When the district court imposes a Guidelines sentence, it may not need to offer a lengthy explanation, particularly where the parties have not argued meaningfully against a Guidelines sentence under § 3553(a) or for a departure." *United States v. Villafuerte*, 502 F.3d 204, 210 (2d Cir. 2007); *see also id.* at 211-12 ("The district court imposed a sentence at the bottom of the Guidelines range, and such sentences often will not require lengthy explanation."). While the district court's explanation here was no doubt terse, we conclude that it was sufficient in the context of this case. In imposing the sentence, the district court acknowledged the difficulty of sentencing defendants in drug cases, its consideration of the statutory factors and the parties' sentencing submissions, Morgan's occupation as a physician, and his violation of the

6

cooperation agreement. This discussion followed the court's rulings on a number of exceptions to the PSR and argument from counsel as to whether a below-Guidelines sentence was warranted. Against this background, we conclude that the district court's explanation, albeit brief, was sufficient to satisfy us that the court "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita*, 551 U.S. at 356.

Morgan also claims that his sentence is substantively unreasonable. "We will . . . set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (emphasis and internal quotation marks omitted). Review for substantive reasonableness "provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). While this circuit has not adopted a presumption that sentences within the Guidelines range are reasonable, "[w]e recognize that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *Fernandez*, 443 F.3d at 27. This is not one of those exceptional cases in which the imposition of a within-Guidelines sentence is substantively unreasonable. In light of Morgan's role in selling hundreds of oxycodone prescriptions — thus facilitating the illegal distribution of tens of thousands of oxycodone pills — as well as his conduct while released on bail, the district court's choice of a sentence at the bottom of the Guidelines range was not "shockingly high" or "otherwise unsupportable as a matter of law." *Rigas*, 583 F.3d at 123.

7

Finally, we turn to Morgan's claim that the government acted in bad faith by withdrawing its 5K1.1 motion. We note that Morgan's cooperation agreement released the government from any obligation to file such a motion in the event that the government determined that Morgan had "committed or attempted to commit any further crimes." App. 20-21. While the decision of the prosecutor to revoke a cooperation agreement may not be premised on bad faith or unconstitutional motives, we have held that the government has a good faith basis to revoke such an agreement where, as here, the defendant is arrested pursuant to a warrant supported by affidavits detailing new alleged criminal activity. *See United States v. Gregory*, 245 F.3d 160, 164 (2d Cir. 2001). In any event, Morgan has failed to meet his burden of making a showing of bad faith that rebuts the government's explanation of its reasons for withdrawing the motion. *See United States v. Imtiaz*, 81 F.3d 262, 264 (2d Cir. 1996) (per curiam).

We have considered Morgan's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

8