13-4468-cr
*United States v. John Doe*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of December, two thousand fourteen.

PRESENT:  RALPH K. WINTER,
JOHN M. WALKER, JR.,
JOSÉ A. CABRANES,
*Circuit Judges.*

----

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                      No. 13-4468-cr

JOHN DOE,

*Defendant-Appellant.*

----

**FOR DEFENDANT-APPELLANT:**          WILLIAM J. STAMPUR, Hurwitz Stampur & Roth, New York, NY.

**FOR APPELLEE:**          DAVID C. JAMES, HILARY L. JAGER, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a November 4, 2013 judgment of conviction of the United States District Court for the Eastern District of New York (I. Leo Glasser, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the cause is **REMANDED** to the District Court for further proceedings consistent with this order.

Defendant-appellant John Doe appeals the sealed judgment of conviction entered November 4, 2013 by the District Court. Doe pleaded guilty, pursuant to a cooperation agreement, to conspiracy to distribute cocaine base and use of a firearm in furtherance of the narcotics conspiracy, in violation of 18 U.S.C. § 924(c) and 21 U.S.C. §§ 841, 846, both of which triggered certain mandatory minimum sentencing terms. Doe's cooperation agreement provided that the government would file a motion seeking a downward departure from the mandatory minimum on defendant's behalf, pursuant to 18 U.S.C. § 3553(e) and the U.S. Sentencing Guidelines Manual § 5K1.1 (a "5K motion"), only "[i]f the [U.S. Attorney's] Office determines that [Doe] has cooperated fully . . . and otherwise complied with the terms of this agreement." Whether Doe had so complied would be established by "a good faith determination by the Office . . . and the Office's good faith assessment of the value, truthfulness, completeness and accuracy of the cooperation shall be binding upon [defendant]." If Doe were determined to have "failed to cooperate fully, ha[ve] intentionally given false, misleading or incomplete information or testimony, ha[ve] committed or attempted to commit any further crimes, or ha[ve] otherwise violated any provision of this agreement," he would be considered in breach of the agreement, which would release the government from its obligations to file a 5K motion, but would not release Doe from his plea of guilty.

Subsequently, the government came to believe that Doe had failed to disclose his involvement in another criminal conspiracy, in violation of the terms of his cooperation agreement, and consequently, the government refused to file a 5K motion. Prior to sentencing, Doe moved for a hearing to determine whether the government had acted in bad faith in denying him a 5K motion. Doe's motion for a hearing was denied. In the absence of a 5K motion permitting a downward departure, Doe was sentenced principally to 180 months imprisonment, as required by the 15-year mandatory minimum for the relevant offenses. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented for our review.

On appeal, Doe argues, *inter alia*, that the District Court erred in denying his motion for a hearing on whether the government had acted in bad faith in refusing to make a 5K motion. "We review a district court's interpretation of a cooperation agreement de novo and examine its related findings of fact for clear error." *United States v. Roe*, 445 F.3d 202, 206 (2d Cir. 2006) (citing *United States v. Reeves*, 296 F.3d 113, 115-16 (2d Cir. 2002)). As we have previously noted, "[o]ur case law is less than clear as to whether we similarly review de novo a district court's denial of a defendant's motion for an evidentiary hearing on the government's good faith or whether we review such a

2

denial for abuse of discretion." *Id.* (citations omitted). We need not decide this issue here, however, because our conclusion remains the same irrespective of which standard is applied.

In evaluating Doe's motion for a pre-sentencing hearing, the District Court applied the proper three-part procedure for judicial review of the government's refusal to make a 5K motion. *See United States v. John Doe*, No. 10 CR 107(ILG), Mem. & Order at 2-3 (E.D.N.Y. July 23, 2013). First, the defendant must allege bad faith conduct by the government. *Id.* (citing *United States v. Knights*, 968 F.2d 1483, 1487 (2d Cir. 1992)). Then, "the government may rebut this allegation by explaining its reasons for refusing to depart," which may not include "pre-agreement circumstances as reasons for not moving." *Id.* (quoting *Knights*, 968 F.2d at 1487-88)). Finally, "[i]f the government explains its reasons, the defendant must 'make a showing of bad faith to trigger some form of hearing on that issue.'" *Id.* (quoting *United States v. Imtiaz*, 81 F.3d 262, 264 (2d Cir. 1996)). If the government has provided a neutral explanation for its denial, "[u]nless the government's reasons are wholly insufficient or unless the defendant's version of events, supported by at least some evidence, contradicts the government's explanation, no hearing is required." *Imtiaz*, 81 F.3d at 264.

The District Court concluded that defendant was not entitled to a hearing because he failed to make the requisite showing to rebut the government's neutral explanation. We disagree. The applicable standard requires that, to trigger a hearing, a defendant need only present "at least some evidence, [that] contradicts the government's explanation." *Id.* Doe has done so by highlighting inconsistencies in the version of events offered by government witnesses and, moreover, by presenting the results of a polygraph Doe voluntarily underwent at his own expense, in which his denial of involvement in the separate criminal conspiracy was deemed truthful by the polygraph examiner. To be sure, Doe's polygraph results may have been unreliable, as the government argues, and in any event the government was not required to credit the polygraph results, as defendant himself acknowledges. *See* Appellee's Br. at 34-36, Def.-Appellant's Reply Br. at 5. Nevertheless, defendant's proffered evidence carries more weight in light of the government's admittedly weak countervailing evidence of Doe's involvement, which, by the government's concession, would not meet a preponderance standard. *See* App'x at 196.

Accordingly, we remand in accordance with the procedures set forth in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994) for the limited purpose of having the District Court conduct a hearing on the issue of whether the government acted in bad faith in denying Doe a 5K motion. We in no way intimate any opinion as to whether the government did, or did not, act in bad faith in refusing to make a 5K motion.

## CONCLUSION

For the foregoing reasons, we hereby **REMAND** the cause to the District Court. Upon the conclusion of proceedings before the District Court, either party may restore jurisdiction to this Court by filing with the Clerk a letter (along with a copy of the relevant order or transcript) advising the Clerk that jurisdiction should be restored. In the interest of judicial economy, the renewed appeal will be assigned to this panel.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk