**UNITED STATES of America,**
**Appellee,**

v.

**Ferney Dario RAMIREZ, Defendant–**
**Appellant.**

**No. 06–2869–cr.**

United States Court of Appeals,
Second Circuit.

Jan. 9, 2008.

Daniel A. Braun, Assistant United States Attorney (Joshua A. Goldberg, Assistant United States Attorney, of counsel), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y., for Appellee.

Sanford I. Weisburst (William B. Mack, III, on the brief), Quinn Emanuel Urquhart Oliver & Hedges, New York, N.Y., for Defendant–Appellant.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION** of this appeal from a judgment entered in the United States District Court for the Southern District of New York (Koeltl, *J.*), it is hereby **ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

On May 6, 2004, Defendant–Appellant Ferney Dario Ramirez pled guilty to a single count of conspiracy to distribute five

or more kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 812, and 841. His plea agreement provided for a stipulated Sentencing Guidelines range of 151 to 188 months' imprisonment. Shortly after his plea was entered, Ramirez retained new counsel and, in early 2005, sought and received the district court's permission to withdraw from the plea agreement. After a sentencing hearing at which the government, unbound by the plea agreement, presented additional evidence of Ramirez's involvement in the conspiracy as well as evidence that he obstructed the investigation in this case, the district court sentenced Ramirez to 210 months' imprisonment, five years' supervised release, and a $100 special assessment. On appeal, Ramirez argues that the district court erred in allowing him to withdraw from his plea agreement and that he suffered from ineffective assistance of counsel with regard to that withdrawal. Ramirez seeks reinstatement of the plea agreement and resentencing under its terms. We assume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

The government argues that Ramirez has waived his right to appeal the grant of permission to withdraw from the plea agreement, and, in the alternative, that any error committed by the district court was error Ramirez himself invited. Though it appears that Ramirez did waive this claim, see generally United States v. Quinones, 511 F.3d 289, 320–22 (2d Cir. 2007) (discussing true waiver), we need not conclusively decide that question, or the question of invited error, as Ramirez is unable to demonstrate that the district court plainly erred in granting his motion to withdraw.

To show plain error, a defendant must establish "that (1) there was error, (2) the error was 'plain,' [and] (3) the error preju-

dicially affected his 'substantial rights'." United States v. Flaharty, 295 F.3d 182, 195 (2d Cir.2002). And (4) "because relief on plain-error review is in the discretion of the reviewing court, a defendant has the further burden to persuade the court that the error seriously affected the fairness, integrity or public reputation of the judicial proceedings." United States v. Vonn, 535 U.S. 55, 63, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002) (citation, quotation marks, and alteration omitted). We find, on the facts and circumstances of this case, that Ramirez has failed to meet the first two prongs of this test. Although United States v. Roque, 421 F.3d 118, 124 (2d Cir.2005), holds that a defendant has no right to withdraw from a plea agreement based on subsequent changes in federal sentencing law, no decision of our Court, that we know of, has held it is erroneous to grant a withdrawal motion based on such changes. Accordingly, the district court could not have committed plain error. We, therefore, affirm the decision of the district court.

■ Ramirez also contends that he received ineffective assistance of counsel, based on two theories: that, in dealing with the plea withdrawal, (a) his counsel had an actual conflict, and (b) his counsel's behavior was a violation of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Each of these arguments depends for its validity on information that is not before us. As further development of the record is required to assess whether Ramirez received ineffective assistance of counsel, we dismiss his claim without prejudice to its being raised as part of a subsequent 28 U.S.C. § 2255 motion. Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003) ("[I]n most cases a motion brought under § 2255 is preferable

to direct appeal for deciding claims of ineffective assistance.").

For the foregoing reasons, we AFFIRM the judgment of the district court and DISMISS Ramirez's claim of ineffective assistance of counsel without prejudice to his filing for § 2255 relief.