*United States v. Ramirez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of November, two thousand eighteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> DENNY CHIN,
> > *Circuit Judge,*
> JEFFREY A. MEYER,
> > *District Judge.\**

———————————————————————

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                                         17-3906

FREDDY ARELLANO,

> *Defendant*,

FERNEY DARIO RAMIREZ,

> *Defendant-Appellant.*

———————————————————————

---

\*       Judge Jeffrey A. Meyer, of the United States District Court for the District of Connecticut, sitting by designation.

For Defendant-Appellant:                    Ferney Dario Ramirez, *pro se*, Folkston, GA.

For Appellee:                               Amanda Houle, Daniel B. Tehrani, Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Koeltl, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Ferney Dario Ramirez, *pro se*, appeals from the district court's denial of his motion to compel the government to seek a sentence reduction on his behalf. In May 2004, Ramirez pleaded guilty to a single count of conspiracy to distribute five or more kilograms of cocaine and was principally sentenced to 210 months of imprisonment and 5 years of supervised release. This Court affirmed the conviction and sentence. *See United States v. Ramirez*, 267 F. App'x 11 (2d Cir. 2008) (summary order). In February 2016, Ramirez filed a *pro se* motion titled "Motion To Compel Government To File a Rule 35 Motion To Reduce Defendant's Sentence," in which he argued that he had provided substantial assistance to the government from 2008 to 2010, and that the government thereafter reneged on a promise to file a motion to reduce his sentence under Federal Rule of Criminal Procedure 35. The government opposed this motion, submitting two affidavits. The district court denied the motion without a hearing, finding that there was no evidence that the government entered into a cooperation agreement with Ramirez or that any authorized government agent had promised to file a Rule 35 motion on Ramirez's behalf, and, further, that Ramirez had not made a credible showing that the government refused to file a Rule

2

35 motion for an impermissible reason. We assume the parties' familiarity with the underlying facts and procedural history, which we reference below only as necessary to explain our decision to affirm.

Questions of law, including the district court's interpretation of a purported cooperation agreement, are reviewed *de novo*. *See United States v. Rexach*, 896 F.2d 710, 713 (2d Cir. 1990) ("Cooperation agreements, like plea bargains, are interpreted according to principles of contract law. Whether the district court applied correct principles is a matter of law that we may review *de novo*." (internal citations omitted)). Findings of fact are reviewed for clear error. *United States v. Kent*, 821 F.3d 362, 368 (2d Cir. 2016). The district court's decision to forgo a hearing is reviewed for abuse of discretion. *United States v. Sasso*, 59 F.3d 341, 350 (2d Cir. 1995).

"Once a defendant has been sentenced, the circumstances in which the court is authorized to reduce his sentence are limited." *United States v. Scarpa*, 861 F.3d 59, 66 (2d Cir. 2017); *see generally* 18 U.S.C. § 3582(c). As relevant here, Federal Rule of Criminal Procedure 35(b) authorizes a district court to reduce a sentence "[u]pon the government's motion" after sentencing if the defendant "provided substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b). The rule "permits only the government to move for a reduction of sentence." *United States v. Gangi*, 45 F.3d 28, 30 (2d Cir. 1995); *see also Scarpa*, 861 F.3d at 67 ("The '[u]pon the government's motion' language in Rule 35(b) . . . 'imposes the condition of a Government motion upon the district court's authority' to reduce, as a result of the defendant's substantial assistance, a sentence that has been imposed.'" (quoting *Wade v. United States*, 504 U.S. 181, 185 (1992))).

3

A court's review of a prosecutor's decision whether to seek a reduced sentence depends on whether the defendant has a cooperation agreement.   If there is such an agreement, courts review that agreement to determine whether the government "lived up to its end of the bargain." *United States v. Leonard*, 50 F.3d 1152, 1157 (2d Cir. 1995) (internal quotation omitted).[2]   In the absence of such an agreement, a court's review is limited to determining whether the prosecutor's decision was "based on an unconstitutional motive." *Id.*; *see also Wade*, 504 U.S. at 185-86 ("[F]ederal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive.").   A defendant would also be entitled to relief if the government's refusal to file a motion is "not rationally related to any legitimate Government end." *Wade*, 504 U.S. at 186.   "[A] defendant has no right to discovery or an evidentiary hearing unless he makes a substantial threshold showing." *Wade*, 504 U.S. at 186 (internal quotation omitted).

We affirm the district court substantially for the reasons stated in its decision dated November 8, 2017.[3]   We agree with the district court that Ramirez did not credibly establish that

---

[2]     *Leonard* was decided in the context of a motion under U.S.S.G. § 5K1.1, which is filed before a sentence is imposed, as opposed to Rule 35, which is filed after a sentence is imposed. But this Court has instructed that "due to similarity of language and function, § 5K1.1 should inform our construction of Rule 35(b)." *Gangi*, 45 F.3d at 31.

[3]     The government argues that we should affirm on alternative grounds not raised in the district court. *First*, the government contends that Ramirez's motion should be construed as a successive motion under 28 U.S.C. § 2255 and denied as procedurally barred and untimely. *Second*, the government asserts that even construed as a motion under Rule 35, the motion is untimely.   The government's contention that these alternative grounds are jurisdictional and therefore cannot be waived was not adequately raised or preserved for appellate review because it appears only in footnotes. *See United States v. Quinones*, 317 F.3d 86, 90 (2d Cir. 2003). Therefore, we find that these arguments were waived and decline to affirm on those grounds.

4

he had a cooperation agreement with the government, that any authorized agent of the government had promised to make a Rule 35 motion on his behalf, or that he provided substantial assistance that would have merited a Rule 35 motion. Ramirez's criminal defense lawyer submitted an affidavit in which he stated that he was present at a 2010 meeting between Ramirez and an Assistant U.S. Attorney ("AUSA") from the Eastern District of New York, but did not state that there was a written or oral cooperation agreement, or that the government had promised to file a Rule 35 motion. The AUSA in question also submitted an affidavit, in which he stated that he specifically recalls not making such a promise, and that it was his practice not to make such promises to defendants who were prosecuted in other districts.

Because there was no evidence of an agreement, and because only the government can file a Rule 35 motion, our review is limited to determining whether the government's refusal to file the motion was based on an unconstitutional motive or not rationally related to legitimate government ends. *Scarpa*, 861 F.3d at 67-68. We agree with the district court that Ramirez did not credibly allege that the government's refusal was due to impermissible factors such as race or religion. In addition, the government proffered rational and legitimate reasons for its decision—it did not call Ramirez as a witness and did not file a Rule 35 motion on his behalf because it believed he was not credible and his "assistance" was not substantial.

We have considered all of Ramirez's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5